**Edgar H.W. LUM, Plaintiff,**

v.

**CITY AND COUNTY OF HONOLULU, Defendant.**

**Civ. No. 80–0384.**

United States District Court, D. Hawaii.

July 7, 1988.

Edgar H.W. Lum, William Jenner, Honolulu, Hawaii, for plaintiff.

Stephen D. Tom, Deputy Corp. Counsel, Richard Wurdeman, Collin Lau, City and County of Honolulu, Honolulu, Hawaii, for defendant.

## ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND CONTINUING TRIAL

KAY, District Judge.

This case comes before the court on Defendant's motion for summary judgment. A hearing was held on this motion on July 5, 1988. Defendant moves for summary judgment on Plaintiff's entire claim on the basis that a prior arbitration decision precludes this action under principles of res judicata and estoppel.

## I. BACKGROUND

This complaint was originally filed on July 17, 1980. From that date until 1986, nothing was done in this case except a yearly response to an annually renewed order to show cause why the case should not be dismissed. Apparently, the case was not moved forward because of pending arbitration proceedings. In early 1986, the case went to arbitration, and a trial date was set for June 17, 1986, which it was anticipated would follow the arbitrator's decision.

An arbitration hearing was held from February 10 until March 25, and in expectation that the decision would be issued on June 23, the trial date was continued.

The arbitration decision was finally filed on January 14, 1987. On January 27, Plaintiff filed a Motion to Vacate Arbitrator's Award before the Hawaii Labor Relations Board. On March 10, 1987, this motion was dismissed. On April 10, 1987, Plaintiff filed a pro se appeal of this decision to the state circuit court. On October 13, 1987, the appeal was denied. On November 10, 1987, this decision was appealed to the Hawaii Supreme Court. There has yet been no decision; apparently, briefing has been completed, and the case is awaiting a date for oral argument.

Meanwhile, on March 31, 1987, Defendant filed a Motion to Confirm Arbitrator's Award in the state circuit court. The motion was granted, a motion for rehearing was denied on January 19, 1988, and Plaintiff appealed to the Hawaii Supreme Court, which appeal is still pending.

## II. ANALYSIS

Defendant's motion for summary judgment asserts that the prior arbitration decision operates as a resolution of the merits of Plaintiff's claims. Defendant argues that Plaintiff has availed himself of the available grievance procedures under his collective bargaining agreement. In accordance with that agreement, an arbitration proceeding was held, and the arbitrator's award has been affirmed by the state court.

State court judgments are entitled to preclusive effect in Title VII actions. *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982); *Trujillo v. County of Santa Clara*, 775 F.2d 1359 (9th Cir.1985). Defendant's motion must be denied, however, because the state court judgment which affirms the arbitration decision has been appealed and is still pending before the Hawaii Supreme Court.

In addition, it appears that a state judgment which affirms an arbitration award would not operate to preclude a later Title VII action. In this case, the state court has simply affirmed the decision of an arbitrator who has ruled on the rights

of the parties under a collective bargaining agreement rather than under a nondiscrimination statute. In *Alexander v. Gardner–Denver Company,* 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974), the Supreme Court held that arbitration under a collective bargaining agreement does not preclude an aggrieved employee's subsequent Title VII action because a Title VII action and an arbitration proceeding under a collective bargaining agreement are based on separate and distinct rights, one statutory and one contractual. In this case, even if the arbitration results are judicially adopted, those results represent only a resolution of Plaintiff's contractual rights, and not his statutory ones.

In addition, arbitration was viewed as an inadequate procedure for the resolution of Title VII claims.

> "[*Alexander*] also rested on the inappropriateness of arbitration as a forum for the resolution of Title VII issues. The arbitrator's task, we recognized, is to 'effectuate the intent of the parties rather than the requirements of enacted legislation.' The arbitrator's special competence is 'the law of the shop, not the law of the land,' and the factfinding process in arbitration usually is not equivalent to judicial factfinding."

*Kremer, supra,* 102 S.Ct. at 1895–96, *quoting Alexander, supra,* 94 S.Ct. at 1024. It follows that if an arbitration award itself is insufficient to preclude a court action, a court's confirmance of the arbitration award should not be given any greater effect.

Although it appears that the arbitration award in this case cannot completely preclude the present action, it may significantly affect the trial of this case. In *Alexander, supra,* the Court held that "[t]he arbitral decision may be admitted as evidence and accorded such weight as the court seems appropriate." *Id.* 94 S.Ct. at 1025. In a footnote, the Court states:

> We adopt no standards as to the weight to be accorded an arbitral decision, since this must be determined in the court's discretion with regard to the facts and circumstances of each case. Relevant factors include the existence of provisions in the collective-bargaining agreement that conform substantially with Title VII, the degree of procedural fairness in the arbitral forum, adequacy of the record with respect to the issue of discrimination, and the special competence of particular arbitrators. Where an arbitral determination gives full consideration to an employees's Title VII rights, a court may properly accord it great weight. This is especially true where the issue is solely one of fact, specifically addressed by the parties and decided by the arbitrator on the basis of an adequate record. But courts should ever be mindful that Congress, in enacting Title VII, thought it necessary to provide a judicial forum for the ultimate resolution of discriminatory employment claims. It is the duty of courts to assure the full availability of this forum.

*Id.* 94 S.Ct. at 1025 n. 21. In the present case, although the collective bargaining agreement does not contain an antidiscrimination provision similar to Title VII, the arbitrator directly addressed the issues of whether the employer had just cause for the termination and whether there was any evidence of discrimination. In addition, the arbitration hearing was held before a very competent arbitrator over a period of fifteen days, during which a complete record was developed. Plaintiff was represented by counsel, and was given an opportunity to present and cross examine witnesses, and to submit argument through post-hearing briefs.

Because of the nature of the arbitration proceedings, this court finds that the arbitrator's findings should be given some weight at trial. This case has already awaited final determination of the arbitration award for several years. That resolution now appears imminent, and further delay pending the present appeal before the Hawaii Supreme Court is proper under these circumstances.

Accordingly, it is hereby ORDERED that Defendant's Motion for Summary Judgment is DENIED. Trial in this matter is to

be continued pending resolution of status of the arbitration award.