**Edgar H.W. LUM, Plaintiff,**

v.

**CITY AND COUNTY OF
HONOLULU, Defendant.**

**Civ. No. 80–384 ACK.**

United States District Court,
D. Hawaii.

March 13, 1990.

William Jenner, Honolulu, Hawaii, for plaintiff.

Stephen D. Tom, Deputy Corp. Counsel, Richard Wurdeman, Rodney Veary, Honolulu, Hawaii, for defendant.

## ORDER DENYING MOTION FOR RECONSIDERATION

KAY, District Judge.

### I. INTRODUCTION

Plaintiff Edgar H.W. Lum ("Lum") files his Motion for Reconsideration of this Court's order granting Defendant City and County of Honolulu's ("City") Motion to Amend Interlocutory Order to Include Statement Prescribed by 28 U.S.C. § 1292(b). Since the Court of Appeals for the Ninth Circuit denied Defendant's Peti-

tion for Permission to Appeal Plaintiff's motion is rendered moot. Accordingly, this Court must dismiss Plaintiff's Motion for Reconsideration.

### II. FACTUAL BACKGROUND

This decade old litigation stems from Plaintiff Lum's dismissal from his employment as an Internal Control Analyst with Defendant City and County of Honolulu. Plaintiff alleged violations of Title VII and 42 U.S.C. § 1983 against the Defendant. The federal district court represents the third forum in which these parties have battled. Prior to this litigation being shifted to this Court the parties were involved in an arbitration hearing and also proceeded before the Hawaii state courts. The relevant procedural history is embodied in this Court's opinions reflected in *Lum v. City & County of Honolulu,* 690 F.Supp. 914 (D.Haw.1988) and *Lum v. City & County of Honolulu,* 728 F.Supp. 1452 (D.Haw.1989).

On June 3, 1988, Defendant moved this Court for summary judgment on Plaintiff's Title VII claim arguing that the arbitrator's findings estopped Plaintiff from relitigating his Title VII claims in this forum. This Court denied Defendant's motion in *Lum v. City & County of Honolulu,* 690 F.Supp. 914 (D.Haw.1988) holding that the then pending appeals before the Hawaii Supreme Court foreclosed the application of any preclusion doctrines. This Court further held that the arbitration award could not completely preclude the Title VII action, but that once the pending appeals were resolved, the arbitrator's decision could admitted as evidence, and accorded such weight as the court deemed appropriate. 690 F.Supp. at 915–916.

After the Hawaii Supreme Court upheld the arbitrator's decision, Defendant City refiled its Motion for Summary Judgment on the Title VII claim on March 23, 1989. This Court similarly denied Defendant's motion based on its prior holding that the arbitrator's decision, even though confirmed by the state court, was not to be given preclusive effect. Defendant moved for reconsideration of that order solely on

the basis of the Ninth Circuit's holding in *Caldeira v. County of Kauai,* 866 F.2d 1175 (9th Cir.1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 69, 107 L.Ed.2d 36 (1989).

In *Caldeira,* the Ninth Circuit held that an arbitrator's decision which is confirmed by a Hawaii state court is a "judicial proceeding" to be given "full faith and credit" under 28 U.S.C. § 1738. 866 F.2d at 1178. Accordingly, under the doctrine of collateral estoppel, the *Caldeira* court held that an arbitrator's decision confirmed in a state court proceeding precluded the relitigation of those same issues in a subsequent federal proceeding. *Id.* at 1181. Applying the collateral estoppel doctrine, the Ninth Circuit ruled that "[i]t is overly apparent that Caldeira received a full and fair opportunity to litigate his claim as measured by minimal due process. He is thus barred from pursuing his section 1983 claims in federal court by the prior Hawaii proceedings." *Id.*

In denying Defendant City's Motion for Reconsideration, this Court stated that "[t]he Court in *Caldeira* apparently believed that the plaintiff was afforded some review of the merits of the arbitrator's decision in the Hawaii state courts." *Lum,* 728 F.Supp. 1452, 1456. This Court found that HRS § 658 prohibits judicial review of the merits of the controversy as determined by the Supreme Court of Hawaii. *See Mars Constructors, Inc. v. Tropical Enterprises Ltd.,* 51 Haw. 332, 336, 460 P.2d 317, 320 (1969). This Court also noted significant differences between the facts of *Caldeira* and the present case, namely, the lack of review on the merits in Lum's case. Based on these differences, this Court found *Caldeira* distinguishable and upheld its decision denying Defendant's Motion for Summary Judgment. As a second reason for denying full faith and credit this Court cited a string of Supreme Court rulings that an arbitration proceeding is an inadequate forum for the resolution of federal statutory and constitutional rights. *See Alexander v. Gardner–Denver Co.,* 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974); *McDonald v. City of West Branch, Mich.,* 466 U.S. 284, 104 S.Ct. 1799, 80 L.Ed.2d 302 (1984); *Barrentine v. Arkan-*

*sas–Best Freight System, Inc.,* 450 U.S. 728, 101 S.Ct. 1437, 67 L.Ed.2d 641 (1981). Accordingly, this Court denied Defendant's Motion for Reconsideration. *Id.* at 1460–61.

Defendant City then moved this Court for a Motion to Amend Interlocutory Order to Include Statement Prescribed by 28 U.S.C. § 1292(b). Title 28 U.S.C. § 1292(b) provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a *controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of litigation,* he shall so state in writing in such order.

28 U.S.C. § 1292(b) (Supp.1989) (emphasis added).

Being of the opinion that this Court's order denying Defendant's Motion for Reconsideration involved "a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of litigation," this Court granted Defendant's Motion to Amend Interlocutory Order by amending its order to include the statement set forth in 28 U.S.C. § 1292(b). In reaching its decision, this Court found that the collateral estoppel issue presented a controlling question of law. This Court also found that a substantial ground for difference of opinion existed as to the preclusive effect of an arbitration decision confirmed by a Hawaii state court. Finally, this Court determined that the resolution of this important issue via immediate appeal would materially advance the ultimate termination of the litigation. The Court of Appeals for the Ninth Circuit apparently disagreed. In a one sentence order, the Ninth Circuit denied Defendant City's Petition for Permission to Appeal under 28 U.S.C. § 1292(b).

In light of the Ninth Circuit's ruling denying Defendant's petition it is no longer necessary to reach the merits of Plaintiff Lum's motion. "A case is 'moot' ... 'when a determination is sought on a matter which, when rendered, cannot have any practical effect on the existing controversy.'" *Federal Sav. & Loan Ins. Corp. v. Director of Revenue*, 650 F.Supp. 1217, 1220 (N.D.Ill.1986), *quoting, Leonhart v. McCormick*, 395 F.Supp. 1073, 1076 (W.D. Pa.1975). Since a determination on Plaintiff Lum's motion cannot have any practical effect on the existing controversy this motion must be dismissed as moot. By denying Defendant's petition the Ninth Circuit, in effect, upheld this court's ruling limiting *Caldeira* to affording full faith and credit only where there has been a review on the merits of an arbitrator's decision. Moreover, since the Ninth Circuit apparently agreed with this Court that *Caldeira* is not controlling under the facts of this case; the Ninth Circuit had no need to address the Supreme Court's aforesaid concern that an arbitration proceeding is not an appropriate forum to decide federal statutory and constitutional rights.

Therefore, it is hereby ORDERED that Plaintiff Lum's Motion for Reconsideration be DISMISSED as moot.