Edgar H.W. LUM, Plaintiff–Appellant,

v.

CITY AND COUNTY OF HONOLULU, Defendant–Appellee.

Edgar H.W. LUM, Plaintiff–Appellee,

v.

CITY AND COUNTY OF HONOLULU, Defendant–Appellant.

Nos. 90–16452, 90–16732.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 12, 1992.

Decided March 17, 1992.

As Amended June 15, 1992.

See also 732 F.Supp. 1070.

---

Evan R. Shirley, Honolulu, Hawaii, for plaintiff-appellant.

Rodney Veary, Deputy Corp. Counsel, City and County of Honolulu, Honolulu, Hawaii, for defendant-appellee.

Before: GOODWIN, FARRIS and POOLE, Circuit Judges.

GOODWIN, Circuit Judge:

In 1979 the defendant, City and County of Honolulu ("City"), fired the plaintiff from his position as an accountant. The plaintiff appeals the district court's finding that his termination was not in violation of Hawaii Revised Statute ("HRS") § 76–46. The defendant cross-appeals the denial of its motion for summary judgement on the Title VII claims and the amount of damages awarded to the plaintiff for the violation of his due process rights resulting from the denial of a pretermination hearing.

The district court had federal question jurisdiction over Lum's Title VII, and due process claims under 28 U.S.C. §§ 1331, 1337, and 1343, and 42 U.S.C. § 2000e–5(f)(3). The court had pendent jurisdiction over the state law claims. This court has jurisdiction pursuant to 28 U.S.C. § 1291. Notices of appeal were timely filed. Fed. R.App.P. 4(a).

I.

Mr. Lum had been an employee with the City of Honolulu for twelve years when, in 1979, he was dismissed from his job as an "Internal Control Analyst." Lum filed suit against the City alleging violations of Title VII of the Civil Rights Act of 1964, due process, and HRS § 76–46. Plaintiff claimed that his dismissal was based on race discrimination and was in retaliation for filing a complaint with the Equal Employment Opportunity Commission ("EEOC"). The City claimed that Lum was fired for ineffective work performance, abuse of sick leave, and a poor work attitude. Plaintiff also challenged the manner in which he was discharged.

The federal suit was stayed pending resolution of Lum's grievance under the collective bargaining agreement between Lum's union, the Hawaii Government Employees Association, and the City. The grievance process went through three stages at which point the union refused to represent Lum in arbitration. After a separate, lengthy battle, Lum prevailed in his fight with the union and the matter was

slated for arbitration. In early 1986, almost seven years after the termination, arbitration hearings were held and on January 27, 1987 a decision was filed concluding that the plaintiff had been fired for misconduct and that the discharge was not motivated out of racial discrimination or in retaliation for his filing a claim with the EEOC.

Lum filed a motion before the Hawaii Labor Relations Board to vacate the arbitration decision. The Board dismissed the motion because it lacked the authority to vacate an arbitration award. An arbitration decision can be challenged only in Hawaii Circuit Court pursuant to HRS Chapter 658. Rather than attacking the arbitration decision under Chapter 658, Lum appealed the Board's dismissal of his motion to the Hawaii Circuit Court. The Board's decision to dismiss his motion was affirmed by both the Circuit Court and the Hawaii Supreme Court. Meanwhile, the City moved in Circuit Court to "confirm" the arbitration award pursuant to HRS § 658–8. The motion was granted on the grounds that the arbitration award had not been vacated or otherwise modified. Lum appealed this grant to the Hawaii Supreme Court which again ruled against him.

On June 3, 1988 the City moved for summary judgement in the present action on the Title VII claim arguing that the arbitrator's decision should be given preclusive effect. The motion was denied, in part, because appeals were still pending in state court. *See Lum v. City and County of Honolulu*, 690 F.Supp. 914 (D.Haw.1988) (*Lum I*). The Motion was renewed on March 23, 1989 after all state appeals had become final. For a second time it was denied. *See Lum v. City and County of Honolulu*, 728 F.Supp. 1452 (D.Haw.1989) (*Lum II*). The district court granted the City's motion to certify the denial of summary judgement for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). We did not permit the appeal to be taken.

After a two day bench trial, the district court ruled for the City on the Title VII claims, finding that the City had legitimate cause to fire Mr. Lum. The court held, however, that the City's failure to afford Mr. Lum a pretermination hearing violated his due process rights and awarded the plaintiff actual damages in the amount of $8,000 and attorneys' fees with respect to that issue. Finally, the court ruled that the City had not violated HRS § 76–46.

## II.

On cross-appeal the City asks us to reverse the district court's denial of its motion for summary judgement on the Title VII claims. The City argues that the district court's decisions are inconsistent with our opinion in *Caldeira v. County of Kauai*, 866 F.2d 1175 (9th Cir.), *cert. denied*, 493 U.S. 817, 110 S.Ct. 69, 107 L.Ed.2d 36 (1989). While the City was denied summary judgement, it was awarded judgement on the Title VII claim after a trial on the merits.

In *Locricchio v. Legal Services Corp.*, 833 F.2d 1352, 1358–59 (9th Cir.1987), we refused to review the denial of a summary judgement motion by a party who had suffered an adverse judgement on the merits. "We hold, therefore, that the denial of a motion for summary judgement is not reviewable on an appeal from a final judgment entered after a full trial on the merits." *Id.*

*Locricchio* is somewhat at odds with our earlier opinion in *Hilton v. Mumaw*, 522 F.2d 588, 603 (9th Cir.1975). Mumaw was denied summary judgement but received a directed verdict. Hilton appealed from the directed verdict while Mumaw cross-appealed from the denial of summary judgement. Without specifically addressing the issue of reviewability, we entertained the cross-appeal. "[A]s to issues upon which we reverse the directed verdict, we affirm the denial of summary judgment. As to issues upon which we affirm the directed verdict, we dismiss the cross appeal as moot." *Id.* We reasoned in *Locricchio* that we were not bound by *Hilton* because the decision did not address the issue of reviewability.

The appropriate forum to review the denial of a summary judgement motion is through interlocutory appeal under 28

U.S.C. § 1292(b). The defendant's efforts to seek interlocutory appeal were unsuccessful. We follow the teaching of *Locricchio* and hold that there is no need to review denials of summary judgement after there has been a trial on the merits. Such a review is a pointless academic exercise. The City's cross-appeal of the denial of the summary judgement motion is dismissed.[1]

### III.

The district court awarded Lum partial summary judgement on the due process claim. The court found that Lum had a property interest in continued employment and was entitled to due process, including adequate notice of the charges and an opportunity to be heard, prior to termination. The court held that the City violated these rights when it terminated the plaintiff without a pretermination hearing. The City does not appeal this decision. The City does appeal the award of $8,000 in actual damages.

■ The computation of damages is a finding of fact that is reviewed under the clearly erroneous standard. *Galindo v. Stoody Co.*, 793 F.2d 1502, 1516 (9th Cir. 1986). The district court concluded that "[a]lthough the causal link between the City and County's actions is questionable this court concludes that there was sufficient probative evidence of some embarrassment and humiliation by Mr. Lum caused by the denial of a pretermination hearing to justify an award of $8,000."

■ On appeal, the City challenges the evidence but fails to establish that the district court ignored relevant factors in calculating the award. The award is not extreme or outrageous on its face. No reason is presented to suggest that the amount of damages was not appropriately discounted. We hold that the district court's findings were not clearly erroneous, and affirm the award.

### IV.

Hawaii law mandates that certain steps be taken before an employee in Mr. Lum's position can be fired. The relevant statute provides:

No dismissal or demotion of any regular employee shall be effective for any purpose unless at least ten days before the effective date thereof the appointing authority shall have given to the employee a written statement setting forth the specific reasons upon which the dismissal or demotion is based.

1. In *Wilson Arlington Co. v. Prudential Ins. Co.*, 912 F.2d 366 (9th Cir.1990), reversing a judgment entered after a trial, we held that a proper reading of the law of Virginia would have excluded the parole evidence introduced at trial to vary the terms and conditions of an integrated written contract and summary judgment should have been given for the plaintiff. While the opinion did not cite *Locricchio*, the cases are not inconsistent. *Wilson Arlington* was about the parol evidence rule, and did not consider or discuss the reviewability *vel non* of the denial of summary judgment after trial on the merits. The opinion observed that had the trial court ruled correctly on the applicability of Virginia's parol evidence rule, and had excluded the parol evidence, no trial would have been necessary.

One other case deserves mention because its holding was explained in *Locricchio*, where we said "the majority rule appears to be that the denial is not properly reviewable on an appeal from the final judgment entered after trial." In a footnote, we said "*see Hilton v. Mumaw*, 522 F.2d 588, 603 (9th Cir.1975)." We went on to point out that because the challenged judgment in *Hilton* had been entered on a directed verdict, there was no jury verdict to overturn by examining the cross-appealability of the denial of summary judgment, a denial that could not have been reviewed earlier because it was not cross appealable until the entry of the final judgment upon the directed verdict. We adhere to the majority view that in the ordinary case where a motion for summary judgment has been denied because the trial court determined that issues of fact had to be tried, there is no useful purpose in reviewing the pretrial ruling on summary judgment after a plenary trial on the merits.

While we have not exhaustively searched for cases that appear to have decided, gratuitously or otherwise, questions that were not raised, we know they abound. Faced with these hazards to judicial navigation, we have frequently held that cases which stumble into decisions on questions neither raised nor discussed by the parties or by the trial court are not treated as authoritative on those unstated assumptions and nonlitigated points. See cases collected in *Sakamoto v. Duty Free Shoppers, LTD.*, 764 F.2d 1285, 1288 (9th Cir.1985), *cert. denied*, 475 U.S. 1081, 106 S.Ct. 1457, 89 L.Ed.2d 715 (1986).

HRS § 76–46. The corresponding Civil Service Rule states:

When an employee is dismissed or demoted, a written notice setting forth the specific reasons for the dismissal or demotion shall be given to the employee at least ten calendar days before the effective date of such dismissal or demotion and a copy thereof shall be filed with the Director.

Civil Service Rule 10.3(c).

■ Mr. Lum was handed a letter stating that he was being suspended for ten days without pay at the end of which period he would be discharged. The district court held the City's actions did not violate § 76–46 and that the ten day suspension without pay was "of no legal significance." A district court's construction of state law is reviewed de novo. *Sax v. World Wide Press, Inc.*, 809 F.2d 610, 613 (9th Cir.1987).

The statutory language and the state case law do not provide a clear indication whether the Hawaii Supreme Court would find that a ten day suspension without pay prior to termination would violate § 76–46. Courts in other jurisdictions have held that similar practices violate federal due process. *See Thurston v. Dekle*, 531 F.2d 1264, 1272 (5th Cir.1976), *vacated on other grounds*, 438 U.S. 901, 98 S.Ct. 3118, 57 L.Ed.2d 1144 (1978), *relevant portions reinstated* 578 F.2d 1167 (5th Cir.1978); *Gniotek v. City of Philadelphia*, 808 F.2d 241, 243–44 (3rd Cir.1986), *cert. denied*, 481 U.S. 1050, 107 S.Ct. 2183, 95 L.Ed.2d 839 (1987).

■ Even if the City violated § 76–46, it does not follow that Mr. Lum is entitled to additional relief. He was awarded $8,000 for essentially the same claim brought as a federal action. In holding that the termination of a teacher violated HRS § 297–12, a provision similar to § 76–46, the Hawaii Supreme Court addressed the issue of remedy.

With respect to plaintiff's request for a declaration that Shorba is entitled to reinstatement to his former position with back pay, we hold that Shorba is not entitled to such relief at this time, that he remains on suspension without pay pending the hearing; and that in the event that the hearing results in his favor, he will then be entitled to resume his former position with back pay.

*Shorba v. Shiro Amioka*, 54 Haw. 43, 501 P.2d 807, 813 (1972). Lum has received two extensive post termination hearings and both the arbitrator and the district court concluded that he was terminated for good cause and that the result would not have been different if he had received pre-termination notice and a hearing. On these facts we hold that the plaintiff is not entitled to additional relief under state law.

Because the plaintiff is not entitled to further relief, we need not decide whether the City's actions violated § 76–46. The district court's finding that there had been no violation of § 76–46 is vacated, as it was not necessary to the decision of the case. We express no opinion on that issue because it is moot.

DISMISSED IN PART, AFFIRMED IN PART, AND VACATED IN PART.