17 F.3d 394
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lisa A. JOHNSON, D.D.S., Plaintiff,
and
Lisa A. Johnson, Plaintiff-Appellant,
v.
B.H. LIQUIDATION CORPORATION; Southwest Leasing and Rental,
Inc., Defendants-Appellees.
 No. 93-15142.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1994.*
Decided Feb. 10, 1994.
 
 Before: SCHROEDER, CANBY, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lisa A. Johnson appeals pro se the district court's summary judgment for defendant Southwest Leasing and Rental, Inc. ("Southwest") in Johnson's 42 U.S.C. Sec. 1983 action alleging that Southwest conspired with City of Hayward police officers to repossess her automobile in violation of her Fourteenth Amendment right to due process. Johnson also challenges the amount of the district court's default judgment entered against defendant B.H. Liquidating Corp. ("BHL"). We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.[1]
 
 
 3
 * Summary Judgment for Southwest
 
 
 4
 Johnson contends that the district court erred by granting summary judgment for Southwest on her section 1983 claim because the evidence established that Southwest conspired with City of Hayward police officers to deprive her of her constitutional rights. This contention lacks merit.
 
 
 5
 We review the district court's summary judgment de novo. Jones v. Union Pac. R.R., 968 F.2d 937, 940 (9th Cir.1992). Viewing the evidence in the light most favorable to the nonmoving party, we must determine "whether there are any genuine issues of material fact and whether the district court correctly applied the relevant law." Alaska Airlines, Inc. v. United Airlines, Inc., 948 F.2d 536, 539 (9th Cir.1991), cert. denied, 112 S.Ct. 1603 (1992).
 
 
 6
 The party seeking summary judgment bears the initial burden of proving the "absence of any genuine issue of material fact that would allow a judgment as a matter of law." Hopkins v. Andaya, 958 F.2d 881, 884 (9th Cir.1992). If proven, the nonmoving party must then produce evidence which would be "sufficient to support a jury verdict in her favor." Id. at 884-85.
 
 
 7
 "In a section 1983 cause of action, the plaintiff must show that the defendants have deprived him of a right." Arnold v. Int'l Business Machines, 637 F.2d 1350, 1355 (9th Cir.1981). Police involvement with a private party in the repossession of property can constitute a conspiracy and make the private party liable under section 1983. Howerton v. Gabica, 708 F.2d 380, 383-84 (9th Cir.1983). Actions by a private party can be "under color of state law" if a conspiracy between police and the private party is shown. Id. at 383. In order to prove such a conspiracy under section 1983, however, an agreement to violate constitutional rights must be shown. Fonda v. Gray, 707 F.2d 435, 438 (9th Cir.1983). "A conspiracy occurs only when the parties have reached 'a unity of purpose or a common design and understanding, or a meeting of minds in an unlawful arrangement.' " William Inglis & Sons Baking Co. v. ITT Continental Baking Co., 668 F.2d 1014, 1055 (9th Cir.1981) (quoting American Tobacco Co. v. United States, 328 U.S. 781, 809-810 (1946)), cert. denied, 459 U.S. 825 (1982).
 
 
 8
 In her complaint, Johnson alleged that Southwest conspired with City of Hayward police officers to repossess an automobile leased to Johnson by Southwest. Johnson alleged that the police initiated the repossession, surrounded Johnson's home, told her that they were assisting in the repossession, and threatened to arrest her if she resisted. Johnson appears to argue that this police involvement rendered Southwest's repossession state action which deprived her of property without due process.
 
 
 9
 In support of its motion for summary judgment, Southwest submitted the affidavit of its assistant manager, Carol Millaud, who was on duty on the date the repossession occurred. Millaud states that she spoke to Johnson on the telephone while the police and the tow truck operator hired by Southwest were at Johnson's residence. Millaud states that she told Johnson that she did not call the police, that no one from Southwest had contacted the police, and that the police had nothing to do with the repossession. Millaud also states that the tow truck operator was acting as an independent contractor when he repossessed Johnson's vehicle. According to Southwest, the police had arrived at Johnson's residence to investigate an unrelated criminal matter.
 
 
 10
 In her opposition to Southwest's motion, Johnson submitted the affidavit of her sister, Iris Johnson-Bright, who was present during the repossession. Johnson-Bright states that a tow truck driver and two police officers entered Johnson's residence, that the tow truck driver requested the keys to Johnson's automobile, and that the police officers told Johnson that "she had just been released on bail and if she did not give them the keys, they were going to send her straight back to jail."
 
 
 11
 Johnson's opposition fails to establish a genuine issue of fact as to the existence of a conspiracy between the police officers and Southwest and therefore as to any state action by Southwest. At most, the evidence indicates that the police were present at Johnson's residence during the repossession and perhaps acted independently to assist the tow truck operator who was employed only as an independent contractor by Southwest. See Monell v. Department of Social Servs., 436 U.S. 658, 701 n. 66 (1978) (there is no respondeat superior or vicarious liability under section 1983). Accordingly, because Southwest's repossession of Johnson's automobile did not constitute state action for purposes of section 1983 liability, the district court did not err by granting summary judgment for Southwest. See Howerton, 708 F.2d at 382-85; Fonda, 707 F.2d at 438; William Inglis & Sons Baking Co., 668 F.2d at 1055.
 
 II
 Default Judgment Against BHL
 
 12
 Johnson contends that the district court's default judgment against BHL in the amount of $1 million in damages and $770.00 in costs was inadequate. She seeks to have the award increased to $25 million, the amount requested in her complaint. Johnson also contends that the district court erred by entering judgment against BHL alone because BHL's "corporate veil must be pierced and judgment entered against an individual with more finance." These contentions lack merit.
 
 
 13
 We review the district court's damage award for clear error. Lum v. Honolulu, 963 F.2d 1167, 1170 (9th Cir.), cert. denied, 113 S.Ct. 659 (1992).
 
 
 14
 In her complaint, Johnson alleged that she suffered $25 million in damages resulting from BHL's filing of "a criminal complaint alleging attempt to defraud an innkeeper." This complaint apparently was filed following a dispute between BHL and Johnson over payment for the rental of a seminar room in a hotel operated by BHL. The district court determined that BHL, "a corporation, is presently in default under the laws of the State of California and is not entitled to appear or defend actions in California." The court therefore awarded Johnson default judgment against BHL in the amount of $1 million together with $770.00 in costs. The court did not specify the basis for its award other than to state in its order denying reconsideration of the amount of the award that "[t]he $1 million in damages already awarded is a fair, and perhaps overly generous, award which compensates plaintiff."
 
 
 15
 In her motion for reconsideration of the district court's damage award, Johnson listed the bases for her damages claims. After reviewing the contents of this motion, we are satisfied that Johnson's claims are speculative at best and therefore that the district court did not clearly err in its award of damages. See id. at 1170.
 
 
 16
 As to Johnson's contention that the district court erred by failing to enter the default judgment against alleged aliases of BHL, she appears to be seeking judgment against individuals and companies neither named nor served in this action. Although Johnson attempted to name additional defendants by filing a motion to amend her complaint on December 14, 1992, more than two months after the district court's default judgment, the district court denied the motion without prejudice on December 28, 1992 because Johnson failed to notice the motion for a hearing date, properly notify the parties, and send to the parties a copy of the motion papers and proposed amendment. In response to the district court's order, Johnson filed a second motion to amend her complaint on December 31, 1992. This motion, however, was filed on the same day Johnson filed her notice of appeal from the district court's orders granting summary judgment for Southwest and entering default against BHL. While Johnson's appeal was pending before this court, the district court denied Johnson's motion to amend stating that "judgment has already been entered against the [defendant] and the allegations by the [plaintiff are] insufficient to warrant an amendment."
 
 
 17
 Generally, the filing of a notice of appeal divests the district court of jurisdiction over the matters appealed. McClatchy Newspapers v. Central Valley Typographical Union No. 46, 686 F.2d 731, 734 (9th Cir.), cert. denied, 459 U.S. 1071 (1982). Thus, although the district court retains the right to decide matters necessary to preserve the status quo while the case is pending on appeal, "it may not finally adjudicate substantial rights directly involved in the appeal." Id. at 735. We find no error in the district court's denial of Johnson's first motion to amend, and recognize the court's denial of Johnson's second motion to amend as being within its jurisdiction to act to maintain the status quo. See id. at 734-35.[2]
 
 
 18
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Johnson's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court initially dismissed Johnson's complaint as to all defendants for failure to state a claim. On appeal, this court affirmed the dismissal of Johnson's claims against (1) the City of Hayward because Johnson failed to allege a municipal policy or custom, and (2) BHL because it had not been served. This court reversed and remanded the district court's dismissal of Johnson's claims against Southwest because her allegation of conspiracy between Southwest and City of Hayward police officers was sufficient to state a claim of state action for purposes of section 1983. On remand, BHL was served and the district court issued the orders which are the subject of the present appeal
 
 
 [2]
 Johnson's motion to file "corrections" to her reply brief is granted. The corrections received August 6, 1993 are deemed filed. Johnson's motion to rule "immediately" on the corrections to her reply brief is denied. Johnson's numerous requests for judicial notice are denied