19 F.3d 27
 29 U.S.P.Q.2d 2039
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
The KEDS CORPORATION; S.R. Holdings, Inc., Plaintiffs-Appellees,
v.
GOLDSTREET HOLDINGS, INC.; Randall Slavin, Defendants-Appellants.
 No. 92-56221.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 31, 1994.
Decided Feb. 18, 1994.
 
 Before: D.W. NELSON, REINHARDT, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Randall Slavin and Goldstreet Holdings, Inc. ("Slavin") appeal the district court's judgment in favor of plaintiff Keds Corporation for violation of the Trademark Act of 1946, 15 U.S.C. Sec. 1051, and for unfair competition in violation of California state law. We affirm.
 
 
 3
 Keds brought this 15 U.S.C. Sec. 1051 trademark counterfeiting action against Slavin for distributing counterfeit shoes. Slavin at one point testified that his purchase price for the shoes was $13.00 a pair, and at another point that it might have been $9.00. An officer at Keds testified as an expert witness that the landed cost of such counterfeit shoes could be "as low as $6.00." The district court admitted this expert opinion testimony without objection.
 
 
 4
 The district court held that Slavin's sale of counterfeit merchandise was willful and that Keds was entitled to a permanent injunction and three times Slavin's profits together with reasonable attorneys' fees and costs. Slavin appeals on several grounds. First, Slavin contends that the district court improperly relied on the expert testimony of Keds' officer. Generally, expert opinion testimony is admissible if it is "helpful to the trier of facts." See Fed.R.Evid. 704, Advisory Committee Note. Here, the admission of Keds' expert testimony clearly meets this test. Slavin presented the district court with inconsistent testimony regarding his purchase price for the shoes and failed to present any records to substantiate his claims. Lacking reliable evidence from Slavin about his own transaction, and in the absence of any documentary evidence, the district court properly gave conclusive weight to the testimony of Keds' qualified expert witness.
 
 
 5
 Second, Slavin argues that the district court erred in calculating his profits, and thereby erred in its computation of Keds' damages. The district court's computation of damages is a finding of fact reviewed for clear error. Lum v. Honolulu, 963 F.2d 1167, 1170 (9th Cir.1992), cert. denied, 113 S.Ct. 659 (1992). Under 15 U.S.C. Sec. 1117, Slavin, not Keds, carries the burden of proving costs. In establishing Slavin's profits, Keds is required to prove only Slavin's sales; the burden then shifts to Slavin to prove the elements of costs to be deducted from sales to arrive at profit. See Wesco Manuf. Inc. v. Tropical Attractions of Palm Beach, Inc., 833 F.2d 1484, 1488 (11th Cir.1987). See also, Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc., 772 F.2d 504 (9th Cir.1989), cert. denied, 494 U.S. 1017 (1990). The district court found that the gross revenue Slavin earned from the sale of the subject counterfeit shoes was $681,324. From that figure, the court deducted costs of $306,144 ($6.00 a pair) and indirect costs (loan expenses) of $7,653.60, thereby arriving at a net profit of $367,526.40. The court's calculation was supported by the record. The net amount was then trebled as prescribed by 15 U.S.C. Sec. 1117(b), to equal a total of $1,102,579.20. The damages awarded are therefore in accord with Sec. 1117.
 
 
 6
 Finally, Slavin argues that the district court's finding that he "willfully" violated plaintiff's trademark was improper because it was based primarily on the same expert testimony of Keds' officer. The district court's determination that Slavin "willfully" trafficked in counterfeit shoes is a findings of fact that is reviewed for clear error. Fed.R.Civ.P. 52(a). As noted above, Keds' expert testimony was properly admitted. Moreover, there was considerable additional evidence regarding the nature and circumstances of Slavin's importation of the shoes that strongly supports the finding of willfulness. Slavin therefore has not met the clear error standard.
 
 
 7
 We AFFIRM the judgment of the district court.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3