112 F.3d 516
 10 NDLR P 21
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Pamela J. MASON, Plaintiff-Appellee,
v.
The SALVATION ARMY, a California corporation, Defendant-Appellant.
 No. 95-36260.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 12, 1997.
Decided April 25, 1997.
 
 Before: BRUNETTI, FERNANDEZ and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The Salvation Army appeals from a jury verdict in favor of Pamela J. Mason in Mason's Americans with Disabilities Act ("ADA") action. The jury awarded compensatory and punitive damages on Mason's claim that The Salvation Army violated the ADA when it failed to make reasonable job accommodations and then dismissed her after she was diagnosed with multiple sclerosis ("MS"). We affirm that portion of the jury verdict awarding compensatory damages but reverse the award of punitive damages.
 
 
 3
 The Salvation Army argues that judicial estoppel should bar Mason's claim as a matter of law because she asserted her inability to work on a Social Security disability benefits application. We decline to examine the merits of The Salvation Army's claim because it did not properly preserve the judicial estoppel issue for appeal. Given its contention (in a motion filed five days before trial) that new evidence, discovered after the court's earlier fact-based summary judgment rejection of the theory, supported the application of judicial estoppel to Mason's case, The Salvation Army should have moved to dismiss, filed a motion in limine at the start of the trial, or moved for judgment as a matter of law at the close of the evidence and renewed this motion after the verdict. See, e.g., Gilchrest v. Jim Slemons Imports, Inc., 803 F.2d 1488, 1493 (9th Cir.1986). The district court was in a better position to assess factual issues raised in The Salvation Army's summary judgment motion. It decided that material fact questions precluded the entry of summary judgment at that stage. Not only will we not second-guess the district court's factual determinations, but the subsequent jury verdict also eliminated any remaining factual issues as a matter of law. See, e.g., Lum v. City and County of Honolulu, 963 F.2d 1167, 1170 (9th Cir.1992).
 
 
 4
 The Salvation Army also alleges that the failure to give its proposed instruction on the Social Security Administration's ("SSA") disability determination standard constituted prejudicial error warranting reversal.
 
 
 5
 A defendant is entitled to a jury instruction on his theory of the case. United States v. Mason, 902 F.2d 1434, 1438 (9th Cir.1990). "The district court, however, may reject a proposed instruction if the court's charge viewed as a whole covered that theory." United States v. Kenney, 645 F.2d 1323, 1337 (9th Cir.1981). "A court is not required to use the exact words proposed by a party, incorporate every proposition of law suggested by counsel or amplify an instruction if the instructions as given allowed the jury to determine intelligently the issues presented." Los Angeles Memorial Coliseum Comm'n v. National Football League, 726 F.2d 1381, 1398 (9th Cir.1984) (citations omitted). We therefore review the rejected instruction in light of all the instructions given to determine "whether the instructions ensure that the jury understands the issues in the case and is not misled in any way." Underhill v. Royal, 769 F.2d 1426, 1433 (9th Cir.1985).
 
 
 6
 The Salvation Army's proposed instruction stated that "an individual is determined to be under a disability only if his/her physical or mental impairment or impairments are of such severity that he/she is not only unable to do the previous work, but cannot engage in any other substantial gainful work which exists in the national economy." We do not address the specific language of this requested instruction or the reasons why the district court may have rejected it because we conclude that the district court's jury instructions given as a whole adequately presented The Salvation Army's theory--that Mason was not qualified to perform her job in August 1994. The district court correctly instructed the jury that in order for Mason to prove intentional discrimination, she had to prove by a preponderance of the evidence that she was a qualified individual with a disability, which it defined for the jury as "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position for which the individual applied." 29 C.F.R. § 1630.2(m). The district court went on to define the term "essential functions" and instructed the jury regarding what evidence it could consider in determining the essential functions of Mason's job. The district court's instructions were not misleading, and they allowed the jury to understand and determine the issues intelligently.
 
 
 7
 We do agree the award of punitive damages was not supported by the evidence. Cf. Davis v. Mason County, 927 F.2d 1473, 1485 (9th Cir.1991) ("Unless the amount of damages is grossly excessive, unsupported by the evidence, or based solely on speculation, the reviewing court must uphold the jury's determination of the amount."). The Salvation Army made a series of accommodations for Mason, including allowing other employees to take over some of her duties, relieving her completely of other duties, providing her special training, and granting her a leave of absence. Safety reasons, however, precluded The Salvation Army from granting Mason's request to move the bookkeeping office to the first floor. Taken as a whole, the evidence simply does not support a finding of reckless indifference on the part of The Salvation Army.
 
 
 8
 AFFIRMED IN PART AND REVERSED IN PART. Each party to bear its own costs.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3