**DEREK ANDREW INC.,**
**Plaintiff–Appellee,**

v.

**POOF APPAREL CORPORATION,**
**Defendant–Appellant.**

No. 07–35048.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 8, 2008.

Filed June 11, 2008.

Lacy H. Koonce, III, Esq., Davis Wright & Tremaine, New York, NY, Kaustuv M. Das, Esq., David Harry Deits, Esq., Zachary Tomlinson, Esq., Nigel Avilez, Esq., Davis Wright & Tremaine, LLP, Seattle, WA, for Plaintiff–Appellee.

Robert J. Stumpf, Jr., Esq., Neil A. Smith, Esq., Sheppard Mullin Richter & Hampton, LLP, San Francisco, CA, for Defendant–Appellant.

Before: GRABER and RAWLINSON, Circuit Judges, and WRIGHT,* District Judge.

### MEMORANDUM **

Defendant Poof Apparel Corporation appeals the district court's order denying its motion to set aside entry of default and the court's award to Plaintiff Derek Andrew, Inc., of $685,307.70 in disgorged profits under the Lanham Act and Washington Consumer Protection Act. The relevant facts are set forth in an opinion filed this date.

1. We review for abuse of discretion the district court's denial of a motion to set aside an entry of default under Federal Rule of Civil Procedure 55(c). *Yusov v. Yusuf,* 892 F.2d 784, 787 (9th Cir.1989). We find no abuse of discretion here, because Defendant's "culpable conduct led to the default." *See Am. Ass'n Naturopathic Physicians v. Hayhurst,* 227 F.3d 1104, 1108 (9th Cir.2000) (listing factors allowing court to deny motion to vacate default judgment). Defendant received actual notice of the filing of the action and intentionally failed to answer. Its belief that this was a small case more appropriate for settlement than litigation was insufficient justification for its failure to respond to the complaint. *See Franchise Holding II, LLC v. Huntington Rests. Group, Inc.,* 375 F.3d 922, 926 (9th Cir.2004) (rejecting similar argument).

2. We review for clear error the district court's computation of damages. *Lum v. Honolulu,* 963 F.2d 1167, 1170 (9th Cir.1992), and find none. Under 15 U.S.C. § 1117(a), the remedies available to a prevailing plaintiff include an award of the defendant's profits. Title 15 U.S.C. § 1117(a) also provides that, in assessing profits, the plaintiff need only prove the defendant's sales, and the "defendant must prove all elements of cost or deduction claimed." The district court permissibly found that Mr. Terzi's testimony was neither credible nor based on personal knowledge, permissibly relied on Plaintiff's evidence, including documentary evidence, and permissibly drew reasonable inferences.

The district court's denial of the motion to set aside the default judgment, and its calculation of damages under the Lanham Act and the parallel Washington Consumer Protection Act are AFFIRMED.

---

* The Honorable Otis D. Wright II, United States District Judge for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

