**SLB TOYS USA, INC., a New York corporation, Plaintiff–counter–defendant–Appellant,**

**and**

**AW Computer Holdings LLC,\* a California limited liability company, Real–party–in–interest–Appellant,**

**v.**

**WHAM–O, INC., a Delaware corporation, Defendant–counter–claimant–Appellee.**

**No. 08–55432.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 5, 2009.

Filed May 15, 2009.

---

\* AW Computer Holdings is substituted for SLB Toys USA, Inc., as a party.

patrick, Esquire, Goodwin Procter LLP, Menlo Park, CA, for Defendant–counter–claimant–Appellee.

Joshua Reuben Furman, Joshua R. Furman Law Corporation, Beverly Hills, CA, Rod S. Berman, Esquire, Jeffer Mangels Butler & Marmaro, LLP, Los Angeles, CA, for Plaintiff–counter–defendant–Appellant.

Parker H. Bagley, Goodwin Procter LLP, New York, NY, Thomas F. Fitz-

Before: GOODWIN, O'SCANNLAIN, and GRABER, Circuit Judges.

MEMORANDUM **

A jury found that SLB Toys USA, Inc., had willfully infringed Wham–O, Inc.'s, trademark in the color yellow on the sliding surface of water slide toys. SLB appeals the jury's verdict, the district court's evidentiary rulings and jury instructions, the damages award, the attorney fees award, and the permanent injunction banning SLB and related entities from infringing Wham–O's trademark in the future. We affirm.

■ 1. We review for substantial evidence the denial of a post-judgment motion for judgment as a matter of law after the jury's verdict. *Mozart Co. v. Mercedes–Benz of N. Am., Inc.,* 833 F.2d 1342, 1350 (9th Cir.1987). Regarding functionality, Wham–O bore the burden of proving that the color yellow did not serve a functional purpose. *See Sega Enters. Ltd. v. Accolade, Inc.,* 977 F.2d 1510, 1530 (9th Cir. 1993) (noting that Sega, the plaintiff, had not "met its burden of establishing non-functionality"). Wham–O met that burden, offering substantial evidence that the mark was nonfunctional through testimony of its employees and an expert witness. Additionally, SLB's successful use of bright orange on its own slide (as opposed

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

to its packaging) defeats its argument that yellow is the only color that stands out against green grass or evokes the appropriate aesthetic response.

The district court likely abused its discretion by prohibiting SLB's expert from testifying about the competitive advantages offered by use of the color yellow because under *Qualitex Co. v. Jacobson Prods. Co.*, 514 U.S. 159, 169, 115 S.Ct. 1300, 131 L.Ed.2d 248 (1995), the issue of competitive advantage is central to the question of a mark's functionality. But any error was harmless because of the overwhelming evidence of nonfunctionality described in part above.

Contrary to SLB's assertion, the district court did instruct the jury on functionality and did so properly; that discussion takes up nearly two pages of the trial transcript.

2. The district court denied SLB's summary judgment motion on the issue of abandonment. We will not review the denial of a summary judgment motion after a full trial on the merits. *Locricchio v. Legal Servs. Corp.*, 833 F.2d 1352, 1359 (9th Cir.1987). The exception pertaining to "an error of law that, if not made, would have required the district court to grant the motion," *Banuelos v. Constr. Laborers' Trust Funds for S. Cal.*, 382 F.3d 897, 902 (9th Cir.2004), does not apply here.

■ 3. The jury's conclusion that Wham–O's yellow mark is famous is supported by substantial evidence. Expert testimony established that Wham–O built its brand recognition in part through marketing yellow water slides. The jury was presented with examples of media coverage in which the yellow slide was featured. The mark has been in use since 1961 and has generated very significant revenue for Wham–O and its predecessor.

■ 4. The district court did not err in its jury instructions regarding the legal requirements for proving likelihood of confusion. The district court stated several times in its instructions that Wham–O bore the burden of proving that SLB used a mark similar to Wham–O's in a manner that is likely to cause confusion among customers. Although the court may have abused its discretion by failing to allow SLB's expert to give an opinion on the possibility of consumer confusion between the two slides, that error was harmless in light of the quantum of evidence demonstrating that SLB had infringed Wham–O's mark.

5. We review for an abuse of discretion the district court's grant of a permanent injunction and a challenge to the scope of injunctive relief. *Rolex Watch, U.S.A., Inc. v. Michel Co.*, 179 F.3d 704, 708 (9th Cir.1999). The injunction is neither overbroad nor vague as written. Its scope is appropriate, given the jury's general verdict. The wording need "not catalog the entire universe of possible" variations of the color yellow as long as its text is "sufficiently clear to protect [Wham–O's] interests and to provide [SLB] with adequate notice." *GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1211 (9th Cir. 2000). The text here meets that standard.

■ 6. We review the district court's computation of damages for clear error. *Lum v. City of Honolulu*, 963 F.2d 1167, 1170 (9th Cir.1992). The jury's finding of willfulness was supported by substantial evidence in the record, including SLB's failure to take appropriate action upon receiving two cease-and-desist letters. *See Golight, Inc. v. Wal–Mart Stores, Inc.*, 355 F.3d 1327, 1339 (Fed.Cir.2004) (holding, in a patent action, that the failure to take appropriate action upon receipt of a cease-and-desist letter alone is sufficient to support a finding of willfulness). The jury rejected SLB's argument that its alleged infringement did not cause Wham–O's

damages by finding that Wham–O was entitled to damages. Wham–O's expert testimony regarding use of advertising to restore an infringed mark was sufficient for a jury "to reasonably determine that corrective advertising was reasonable and worth doing." *Zelinski v. Columbia 300, Inc.*, 335 F.3d 633, 641 (7th Cir.2003). The amount of damages awarded was not clearly erroneous.

7. In "exceptional" trademark cases, the court may award reasonable attorney fees to the prevailing party. 15 U.S.C. § 1117(a). We review de novo the determination whether a case is "exceptional" and, if the case is exceptional, we review for abuse of discretion the district court's decision to award attorney fees. *Earthquake Sound Corp. v. Bumper Indus.*, 352 F.3d 1210, 1216 (9th Cir.2003). A case is exceptional when the defendant, acts "maliciously, fraudulently, deliberately, or willfully." *Id.* The jury here found that SLB acted willfully, a finding that is supported by the record. Based on the jury's finding and the district court's own determination that SLB acted deliberately and willfully, the court awarded attorney fees to Wham–O. The court did not abuse its discretion in making that award.

AFFIRMED.