**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

FEB 25 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CLARENCE A. GIPBSIN (a.k.a. Clarence A. Gibson),<br><br>Plaintiff-Appellant,<br><br>v.<br><br>M. DEFOREST, J. SHELTON, M. GONI, C. STONE, C. PRATER,<br><br>Defendants-Appellees. | No. 12-17739<br><br>D. Ct. No. 2:07-CV-00157-MCE-EFB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Argued and Submitted November 21, 2014
San Francisco, California

Before: RAWLINSON and FRIEDLAND, Circuit Judges, and MARSHALL, Senior District Judge.[**]

Clarence Gipbsin (Gipbsin) appeals pro se from judgments in favor of

defendants in his 42 U.S.C. § 1983 action alleging retaliation for exercise of his

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Consuelo B. Marshall, Senior District Judge for the U.S. District Court for the Central District of California, sitting by designation.

First Amendment rights and excessive use of force by California Department of Corrections and Rehabilitation personnel. We have jurisdiction under 28 U.S.C. § 1291. We affirm on the excessive force claim and reverse and remand on the retaliation claim.

Gipbsin's informal opening brief raises various issues relating to the district court's orders and proceedings. Gipbsin's informal opening brief, however, fails to raise any cogent arguments regarding how the district court erred. This Court therefore declines to make any findings on the issues raised in Gipbsin's opening brief. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988) ("Issues raised in a brief which are not supported by argument are deemed abandoned."). This Court addresses only the substantive issues raised by Court-appointed amicus curiae.

The district court granted summary judgment in favor of Appellees on Gipbsin's First Amendment retaliation claim. We review grants of summary judgment de novo. *White v. City of Sparks*, 500 F.3d 953, 955 (9th Cir. 2007). The district court erred in two respects. First, the district court limited Gipbsin's First Amendment claim to Defendants' retaliation "for plaintiff filing a civil lawsuit regarding his religious diet." Gipbsin's deposition testimony and operative complaint, however, demonstrate that his First Amendment claim is broader in scope. In the complaint, Gipbsin alleges that he was retaliated against for

2

requesting a religious dietary meal.  In deposition, Gipbsin testified both that he was retaliated against because he requested a vegetarian meal and because he filed prior lawsuits.  Second, the district court concluded that Gipbsin had failed to produce evidence that Defendants "were even aware of Plaintiff's civil lawsuit." Gipbsin, however, testified at deposition that he "told [Defendants] that [he] had the civil case dealing with [his] vegetarian meal."  The district court therefore erred both by limiting the scope of Plaintiff's retaliation claim and by finding that there was no evidence that the Defendants knew about Gipbsin's prior litigation activity. We conclude that the district court erred in granting summary judgment as to Gipbsin's First Amendment claim.

Following the district court's grant of summary judgment on Gipbsin's First Amendment claim, Gipbsin's Eighth Amendment excessive force claim was tried before a jury and a verdict based thereon was entered in favor of the Appellees. Appellees argue, citing *Lum v. City & County of Honlulu*, 963 F.2d 1167, 1169-70 (9th Cir. 1992), that Gipbsin's retaliation claim is foreclosed by the jury verdict. *Lum* is inapplicable to this case.  In *Lum* we held that there was no need to review *denials* of summary judgment after a jury trial on the merits.  Here, the district court *granted* summary judgment on Gipbsin's retaliation claim and the jury

considered only Gipbsin's excessive force claim in rendering its verdict. The jury's verdict, therefore, does not foreclose Gipbsin's retaliation claim.

We conclude that the district court's grant of summary judgment was in error, and remand for further proceedings on Gipbsin's First Amendment retaliation claim.

**AFFIRMED in part, REVERSED and REMANDED in part. Costs are awarded to Plaintiff-Appellant.**