**Eric FIKES, Plaintiff–Appellant,**

v.

**John CLEGHORN; B. Cervantes; Sgt. Lewis, City of Corona Police Department; Officer Melendez, Defendants–Appellees.**

No. 93–55649.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 31, 1994.

Decided Feb. 17, 1995.

Stephen Yagman, Yagman & Yagman, Venice, CA, for plaintiff-appellant.

Timothy T. Coates, Greines, Martin, Stein & Richland, Beverly Hills, CA, for defendants-appellees.

Before: CANBY, LEAVY and T.G. NELSON, Circuit Judges.

CANBY, Circuit Judge.

## I.

Eric Fikes appeals a district court judgment, entered upon a jury verdict, denying his claim for relief under 42 U.S.C. § 1983. Fikes argues that the district court erred in instructing the jury regarding the use of excessive force by police officers. He also contends that the district judge who initially presided over his case issued an illegal standing order requiring counsel for plaintiff and defendants to file a joint set of jury instructions. We reject Fikes' arguments and affirm the district court's judgment.

## II.

This case arises out of Fikes' arrest by members of the Corona, California, police force. In June of 1991, two Corona police officers pursued Fikes by automobile and then on foot into a walled-in cul-de-sac. Fikes was attempting to scale the wall when one police officer reached him. The officer pulled him off the wall and onto the ground so that he was lying face-down on the ground and kicking behind himself at the officer. Having Fikes thus situated, the officer handcuffed him. At some point during the course of the arrest, the officer released his police dog from his car by use of a remote control device. The dog went to Fikes and bit him on the shoulder and upper arm until the officer commanded the dog to release Fikes.

Fikes eventually pleaded guilty to driving under the influence of alcohol, driving without a license, and resisting arrest. In 1991, Fikes filed a § 1983 complaint against the arresting officers and several other defendants alleging that the officers deprived him of his Fourth Amendment right to be free from unreasonable seizures by using excessive force in effecting the arrest.

As the case approached trial, the presiding district judge issued a standing order that required the parties to file a single set of jury instructions prior to trial. Fikes refused to comply with this order, and, as a result, the trial did not begin on the date for which it was scheduled. The case was then transferred to a second district judge who did not enforce the standing order, but instead allowed both parties to propose jury instructions to the court.

At a hearing before the second judge regarding jury instructions, Fikes proposed the following instruction regarding the use of excessive force:

The test you are to use to determine if the force used in this case was excessive in [sic] this: pay careful attention to the facts and circumstances, including the severity, or lack of severity, of the alleged crime in issue; whether the person against whom

the force was used posed an immediate threat to the safety of the police or others; and whether the person against whom the force was used was actively resisting arrest or attempting to evade arrest by flight (trying to get away.) You must weigh together all of these three factors to determine whether or not the force used was or was not excessive.

The court rejected this instruction on the ground that it emphasized the importance of three factors for the jury to consider without pointing out other factors that could be relevant to determining whether police officers used excessive force. Rather than giving Fikes' proposed instruction, the court instructed the jury that

[i]n making a lawful arrest, an officer has the right to use such force as is necessary under the circumstances to effect the arrest. Whether or not the force used in making an arrest was unreasonable is a question to be determined by you in light of all the surrounding circumstances. Now, you must determine the degree of force that a reasonable and prudent officer on the scene at that time would have applied in effecting the arrest under the circumstances shown from the evidence received in the case.

Fikes also proposed two jury instructions regarding the use of deadly force. These instructions set out a definition of deadly force and described the constitutional limits on the permissible use of deadly force. The court refused to give either instruction, reasoning that the jury did not need to find that the officers used *deadly* force in order to determine that they used *excessive* force, and that giving the deadly force instruction would confuse the jury.

The jury found that police officers had not used excessive force against Fikes, and judgment was entered for the defendants.

### III.

**A. Jury Instructions Regarding Excessive Force**

 We review for abuse of discretion a district court's formulation of civil jury instructions. *Oviatt v. Pearce*, 954 F.2d 1470,

1481 (9th Cir.1992). Jury instructions must be formulated so that they fairly and adequately cover the issues presented, correctly state the law, and are not misleading. *Id.* The instructions must allow the jury to determine the issues presented intelligently. *Del Madera Properties v. Rhodes and Gardner, Inc.*, 820 F.2d 973, 978 (9th Cir.1987).

Fikes argues that the district court erred in giving an instruction on excessive force that did not specifically instruct the jury to consider three factors: (1) the severity of the alleged crime; (2) whether the person against whom the force was used presented an immediate threat; and (3) whether the person against whom the force was used was resisting arrest or trying to escape. Fikes derives these three factors from *Graham v. Connor*, 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989), a case in which the Supreme Court held that to determine whether the use of force in a particular seizure is "reasonable" under the Fourth Amendment, a fact finder must pay

careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting or attempting to evade arrest by flight.

*Id.* at 396, 109 S.Ct. at 1872.

We reject Fikes' argument that a trial court's jury instructions regarding excessive force must include the Supreme Court's description of three of the factors a fact finder should consider in determining whether force is excessive under a Fourth Amendment analysis. The major holding of *Graham* was that excessive force claims should be analyzed under a Fourth Amendment "reasonableness" test rather than a substantive due process "shocks the conscience" test. *Id.* at 395, 109 S.Ct. at 1871. In elaborating on the nature of a Fourth Amendment "reasonableness" inquiry, the Court stated that the focus should be on the facts and circumstances of each particular case as judged from the perspective of an objective reasonable officer at the scene. *Id.* at 396, 109 S.Ct. at 1872. The three factors the Court listed illustrate how

the jury could address the question of excessive force under a Fourth Amendment test, but they do not constitute the exclusive test for whether force is excessive.

In *Forrester v. City of San Diego*, 25 F.3d 804 (9th Cir.1994), we noted that the three factors listed in *Graham* are not the sole considerations a fact finder should entertain in determining whether force is excessive under the Fourth Amendment. Instead, "the [*Graham*] Court instructed that the jury should consider 'whether the totality of the circumstance justifies a particular sort of seizure.'" *Id.* at 806 n. 2. In *Chew v. Gates*, 27 F.3d 1432 (9th Cir.1994), we stated that the three factors listed in *Graham* should be taken into account in excessive force cases, but that they are not the exhaustive criteria for determining excessive force. *Id.* at 1440 n. 5. *See also United States v. Schatzle*, 901 F.2d 252, 255 (2d Cir.1990) (jury instructions regarding excessive force need not mirror *Graham's* list of three factors as long as instruct jury to decide whether use of force reasonable in light of circumstances facing police officer).

■ In this case, the jury instructions informed the jury that it must consider whether the force used by Corona police officers against Fikes was reasonable in light of all the surrounding circumstances from the viewpoint of a reasonable police officer at the scene of the arrest. This instruction complies with *Graham* by focusing on the *totality* of the circumstances. Fikes was free to argue the three factors as well as others to the jury. Indeed, the instruction proposed by Fikes would have impermissibly limited the jury to consideration of only the three named factors rather than the totality of the circumstances facing the arresting officer.[1] Thus we conclude that the district court did not abuse its discretion in giving a jury instruction that did not mention the three factors listed in *Graham.*

**B. Instructions Regarding the Use of Deadly Force**

■ Fikes' second argument is that the district court erred in failing to give the jury instructions regarding the definition of deadly force and the constitutional limitations on the permissible use of deadly force in effecting an arrest. Fikes may be correct in asserting that jury instructions regarding excessive force under the Fourth Amendment do not suffice to inform the jury of the constitutionally permissible use of deadly force.[2] We need not reach that issue, however, Fikes was not entitled to any instructions regarding deadly force because he did not present evidence at trial that would support a claim that the officers used deadly force against him. *Los Angeles Memorial Coliseum Comm'n v. Nat'l Football League*, 726 F.2d 1381, 1398 (9th Cir.1984), *cert. denied, sub. nom National Football League v. Oakland Raiders, Ltd.*, 469 U.S. 990, 105 S.Ct. 397, 83 L.Ed.2d 331 (1984).

While this court has never defined "deadly force" in a Fourth Amendment context, a recent concurrence to one of our decisions suggests that it might be defined as a "force that creates a substantial risk of causing death or serious bodily harm." *Chew v. Gates*, 27 F.3d 1432, 1453 n. 4 (9th Cir.1994) (Norris, J., concurring in part and dissenting in part). Fikes did not present evidence that use of the dog created such a risk, and the defense presented testimony that the dog was trained to release arrestees on command, as it did in this case. In light of the fact that Corona police officers did not use the dog in a way that presented a risk of death or serious bodily injury to Fikes, and the fact that police officers could effectively limit the amount of force the dog exerted against Fikes, Fikes did not present evidence

---

1. The last sentence of Fikes proposed jury instruction stated that the jury "must weigh all of these three factors to determine whether or not the force used was or was not excessive," incorrectly suggesting that the jury could not consider other aspects of the circumstances in deciding whether force was excessive.

2. While the use of "force" is reasonable under the Fourth amendment if it would seem justified to a reasonable police officer in light of the surrounding circumstances, the use of "deadly force" is only justified if the officer has probable cause to believe that a suspect poses a threat of serious physical harm to the officer or others. *Tennessee v. Garner*, 471 U.S. 1, 11, 105 S.Ct. 1694, 1701, 85 L.Ed.2d 1 (1985).

that would entitle him to an instruction regarding deadly force.

### C. Standing Order Regarding Jury Instructions

 Fikes' final argument is that the standing order issued by the district judge initially presiding over his trial requiring counsel for plaintiff and defendants to file a joint set of jury instructions prior to trial violated Federal Rule of Civil Procedure 83. This issue is moot. Fikes' case was transferred to a second district judge who did not enforce the order. The second judge allowed both sides to submit proposed jury instructions to the court. Because the standing order had no impact on Fikes' trial, we do not decide whether the standing order violated Federal Rule of Civil Procedure 83. *Riverhead Sav. Bank v. National Mortgage Equity Corp.*, 893 F.2d 1109, 1112 (9th Cir.1990) (citing *DeFunis v. Odegaard*, 416 U.S. 312, 316, 94 S.Ct. 1704, 1705, 40 L.Ed.2d 164 (1974) (per curiam)).

#### IV.

The judgment of the district court is affirmed.

AFFIRMED.