95 F.3d 1158
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Dale William MARTINEAU, Plaintiff-Appellant,
v.
CITY OF CYPRESS, a municipal corporation; City of
Riverside, a municipal corporation; City of Santa
Ana, a municipal corporation,
Defendants-Appellees.
 No. 95-55843.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 5, 1996.
Decided Aug. 27, 1996.
 
 Before: D.W. NELSON, T.G. NELSON and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant Dale William Martineau appeals the district court's denial of a motion for a directed verdict on the question of deadly force by police officers involved in his arrest; failure to give appellant's proposed jury instruction on the use of deadly force; exclusion of evidence regarding the seriousness of dog bites; and entry of judgment in favor of the City following the jury's exoneration of the individual police officers involved. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Appellant argues that the district court abused its discretion in refusing to give his proposed jury instruction on the use of deadly force. Appellant contends that any use of a police dog where the dog is allowed to bite the suspect constitutes deadly force. Appellant is incorrect. We have held that whether the use of a dog to apprehend a suspect constitutes the use of deadly force depends on the individual circumstances. Thus, in situations where the dog has remained under the constant control of the handler and the suspect has not suffered life-threatening injuries, use of a dog has been found not to constitute deadly force. Quintanilla v. City of Downey, 84 F.3d 353 (9th Cir.1996); Fikes v. Cleghorn, 47 F.3d 1011 (9th Cir.1995). Because the dog's handler was present at all times, the dog released Appellant when ordered to do so, and there was no evidence that Appellant suffered permanent or life-threatening injuries, the district court did not err in refusing to give Appellant's proposed instruction on deadly force.
 
 
 4
 Appellant contends the district court erred in not granting a directed verdict in his favor because the officers were unjustified in using deadly force in the form of a dog to apprehend him. Appellant's argument closely parallels his argument regarding jury instructions and fails for the same reason. Because Appellant did not present sufficient evidence to support a jury instruction on deadly force, a reasonable jury could have found that the use of the dog did not constitute deadly force. Since the evidence does not support only one reasonable conclusion, the district court did not err in refusing to grant Appellant's motion of a directed verdict.
 
 
 5
 Appellant next argues that the district court abused its discretion by refusing to admit as evidence photographs and medical histories of dog bites as well as videotapes of police dog training. Appellant's argument lacks merit. Appellant was allowed to present evidence as to the severity of his injuries as well as expert testimony regarding injuries from dog bites in general and police dogs in particular. The medical histories, photographs and videotapes that appellant sought to admit did not involve either the specific dog or police department in question. Given the limited probative value of the evidence coupled with its potential for prejudice, the district court did not abuse its discretion by excluding the evidence.
 
 
 6
 Finally, Appellant contends that the district court erred in granting judgment in favor of the City since liability was possible even in the absence of a violation of Appellant's constitutional rights by the police officers. Appellant's claim is without merit. We have consistently held that a Monell claim will not stand following a jury verdict that officers committed no constitutional violation. Quintanilla, 84 F.3d at 356; Forrester v. City of San Diego, 25 F.3d 804, 808 (9th Cir1994), cert. denied, 115 S.Ct. 1104 (1995); Palmerin v. City of Riverside, 794 F.2d 1409, 1411 (9th Cir1986). The two cases from this circuit cited by Appellant involved questions of possible qualified immunity which was not an issue in the instant case. The district court therefore did not err in granting judgment in favor of the City.
 
 
 7
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3