97 F.3d 1460
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Thomas Eugene MOORE, Plaintiff-Appellant,
v.
L. DONALDSON, Defendant-Appellee,
and
J. Bowlen; Roger C. Schaufel, Defendants.
 No. 95-15486.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 10, 1996.*
Decided Sept. 13, 1996.
 
 Before: FLETCHER, BRUNETTI, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Thomas E. Moore, a California state prisoner, appeals pro se the entry of judgment in favor of defendants after a jury trial in his 42 U.S.C. § 1983 action alleging the use of excessive force in violation of the Eighth Amendment. We have jurisdiction pursuant to 28 U.S.C. §§ 636(c) and 1291, and we affirm.
 
 
 3
 Moore contends that (1) he is entitled to a new trial because state prison officials failed to produce an inmate as a witness pursuant to a writ of habeas corpus ad testificandum; (2) the magistrate judge erred by failing to declare a mistrial; (3) the magistrate judge failed to grant a new trial; and (4) it was error for a different judge to preside over the jury's announcement of its verdict. To analyze the merits of these contentions, we would need to review the trial transcripts. Because Moore raises these issue on appeal and has failed to produce the trial transcripts, we dismiss this portion of his appeal. See Fed.R.App.P. 10(b)(2); Syncom Capital Corp. v. Wade, 924 F.2d 167, 169 (9th Cir.1991) (per curiam).[1]
 
 
 4
 Moore also contends that he is entitled to a new trial in light of an erroneous instruction concerning the legal standard for finding that prison officials used excessive force. Because the challenged jury instruction correctly states the law, we conclude that the magistrate judge did not abuse his discretion in formulating this jury instruction. See Fikes v. Cleghorn, 47 F.3d 1011, 1013 (9th Cir.1995); see also Hudson v. McMillian, 503 U.S. 1, 6-7 (1992); LeMaire v. Maass, 12 F.3d 1444, 1453 (9th Cir.1993).[2]
 
 AFFIRMED.[3]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Moore's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although Moore argues that this court's instructions to pro se litigants state that submission of transcripts is optional, he was ordered to show cause, in an order filed on January 11, 1996, why these contentions should not be dismissed in light of his failure to provide transcripts. Moreover, in an order filed on April 12, 1996, Moore's motion for production of transcripts at government expense was denied
 
 
 [2]
 Because we do not have trial transcripts, we assume without deciding that Moore objected to this jury instruction below
 
 
 [3]
 Because of our disposition of this appeal, we do not consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), to this appeal