108 F.3d 339
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ronald E. TING, Plaintiff-Appellant,
v.
UNITED STATES of America; the Federal Bureau of
Investigation; Drug Enforcement Administration;
United States Internal Revenue Service,
et al., Defendants-Appellees.
 No. 95-55005.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 9, 1996.
Decided Feb. 21, 1997.
 
 Before: O'SCANNLAIN, T.G. NELSON and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Ronald Ting appeals the district court's judgment (1) in favor of Special Agent James Burns following a jury trial on Ting's Bivens claims, and (2) in favor of the United States following a bench trial on Ting's Federal Tort Claims Act ("FTCA") claim. Burns shot Ting during a 1984 drug raid of Ting's apartment, and Ting suffered injuries that left him a quadriplegic. According to Burns and other FBI agents, Burns was attempting to arrest Ting, who broke free and was shot as he lunged toward an area of the apartment that the agents had not yet inspected for weapons. Ting challenges the district court's exclusion of evidence that a subsequent search of that area turned up no weapons. Ting also challenges the sufficiency of the evidence supporting the verdicts, certain of the district court's jury instructions, and the district court's exclusion of evidence that supported a negligence theory for Ting's FTCA claim. We have jurisdiction pursuant to 28 U.S.C. § 1291. Finding Ting's appeals to be without merit, we affirm the judgment of the district court.
 
 
 3
 Ting premised the underlying actions on his claim that he was not lunging when Burns shot him, but rather was lying down or kneeling. The FBI agents who witnessed the shooting, on the other hand, testified that as Burns struggled to control Ting, Ting got away and lunged toward an area of the bedroom that agents had yet to inspect. Burns shot Ting as he lunged. The jury and the district court heard both sides' evidence, including eyewitness testimony, expert testimony, and forensic evidence. The verdict credits Burns' version of events. The district court, moreover, in ruling on Ting's FTCA claim, indicated that it found defendants' version of events "credible and convincing," while Ting's witnesses were "equivocal and unconvincing."
 
 
 4
 We review a jury verdict for "substantial evidence," defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Forrester v. City of San Diego, 25 F.3d 804, 806 (9th Cir.1994) (quoting Eberle v. City of Anaheim, 901 F.2d 814, 818 (9th Cir.1990)), cert. denied, 115 S.Ct. 1104 (1995). We review for clear error a judge's findings of fact in a bench trial. Anderson v. City of Bessemer, 470 U.S. 564, 572 (1985).
 
 
 5
 The jury based its verdict on the testimony of five eyewitnesses and several experts who corroborated Burns' version of events. The jury chose not to credit Ting's evidence. Although Ting insists that his physical evidence is "irrefutable," we find--as did the jury--that the defendants' evidence and expert witnesses adequately refute it. We find that substantial evidence supports the jury's verdict.
 
 
 6
 The district court heard and ruled on the basis of the same evidence presented to the jury. Moreover, the district court made explicit findings concerning the parties' evidence, indicating that it believed defendants' witnesses and evidence, and found plaintiff's evidence "unconvincing." These findings have ample support in the record. The district court did not commit clear error in ruling for the United States on Ting's FTCA claim.
 
 
 7
 We also find no error in the jury instructions given by the district court. We review de novo whether a jury instruction misstates the elements that must be proved at trial. Caballero v. City of Concord, 956 F.2d 204, 206 (9th Cir.1992). We review a district court's formulation of jury instructions for abuse of discretion. Fikes v. Cleghorn, 47 F.3d 1011, 1013 (9th Cir.1995).
 
 
 8
 Ting's objection misconstrues Tennessee v. Garner, 471 U.S. 1 (1985). Garner does not limit the use of deadly force to suspects who have committed crimes involving the infliction of serious harm, but also permits deadly force in situations where, as here, a suspect poses a threat of serious physical harm. See id. at 11-12. A jury could reasonably find that Ting posed a threat of serious physical harm, and thereby conclude that Burns acted reasonably in shooting Ting. The district court correctly instructed the jury in this regard.
 
 
 9
 Similarly lacking merit is Ting's contention that the instruction permitted the jury to speculate that Ting was attempting to evade arrest. As the instruction properly allows the jury to find that Ting was resisting arrest, Ting's selective quotation of the instruction is insufficient to allege error. Ting's final argument, that "immediate vicinity" is vague, is likewise without merit. On the whole, Ting has not established that the jury instructions failed to fairly and adequately cover the issues presented or correctly state the law, or that the instructions were misleading. See Fikes, 47 F.3d at 1013. The district court did not err in instructing the jury as it did.
 
 
 10
 We further find that the district court properly excluded the evidence that no gun was found in the area toward which Ting had lunged. A jury is to judge "[t]he 'reasonableness' of a particular use of force ... from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Graham v. Connor, 490 U.S. 386, 396 (1989) (emphasis added); see also Fikes, 47 F.3d at 1014 (jury should consider whether force used by police was "reasonable in light of all the surrounding circumstances from the viewpoint of a reasonable police officer at the scene of the arrest"). In the instant case, Burns did not know whether or not Ting might be lunging toward a weapon; that Ting was possibly doing so, in Burns' view, is all that is necessary for the jury to assess the reasonableness of Burns' response. A subsequent search of the area that located no weapon is irrelevant to the jury determination, and the district court properly excluded the evidence.
 
 
 11
 Finally, the district court properly excluded evidence to support Ting's negligence theory on the ground that the law of the case barred such a theory. We review a district court's decision with regard to the law of the case for abuse of discretion. Milgard Tempering, Inc. v. Selas Corp., 902 F.2d 703, 715 (9th Cir.1990).
 
 
 12
 In June 1988, after the district court granted summary judgment to defendants on all of Ting's claims, this court affirmed the district court in all respects except for the Bivens claim against Burns and the FTCA assault and battery claim against the United States. Ting v. United States, 927 F.2d 1504, 1513-14 (9th Cir.1991). The law of this case is that Ting cannot assert a negligence claim either against the government or against Burns. See id.; see also Daniels v. Williams, 474 U.S. 327, 329-32 (1986) (negligence insufficient to support a Bivens action). Moreover, Ting's attempt to cast his claim as "arguably much more than negligence" is futile, as the district court rejected this claim as a matter of law on two occasions, finding that defendants neither breached a duty to Ting nor owed him any duty to protect him from injuries sustained while resisting arrest. The district court properly held that the law of the case, comprised of district court and Ninth Circuit decisions, barred Ting's negligence cause of action.
 
 
 13
 We reject Ting's claim that he has presented substantially different evidence on remand, which would entitle the district court to reconsider the negligence claims. See Milgard, 902 F.2d at 715. Ting's "new" evidence is merely the testimony of an expert witness, testimony interpreting evidence that has been available since Ting's arrest. The district court was well within its discretion to decline to reconsider negligence as an issue in the case, as Ting failed to meet the "substantially different" evidence burden that Milgard imposes. See id.
 
 
 14
 The jury verdict, the district court verdict, and the evidentiary and jury instruction decisions of the district court are AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3