112 F.3d 515
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Eddie Lee FAIN, Plaintiff-Appellant,
v.
Jack KERNS, A.J. Murray, Defendants,
R. Prigge, Defendant-Appellee.
Eddie Lee FAIN, Plaintiff-Appellant,
v.
Jack KERNS; R. Prigge; A.J. Murray, Defendants-Appellees.
 Nos. 94-16349, 94-16926.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 21, 1997.*
Decided April 23, 1997.
 
 Before: BROWNING, THOMPSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Eddie Lee Fain, a California state prisoner, appeals pro se the judgment for defendants after a jury trial on his claim that defendants violated his Fourth Amendment rights against unreasonable searches and seizures when they forced him to provide a blood sample. We have jurisdiction under 28 U.S.C. § 1291[1] and affirm the judgment of the district court.
 
 
 3
 Fain contends that the district court improperly denied his cross-motion for summary judgment. Where a party has been given a full trial on the merits, we will not review the denial of a motion for summary judgment. See Lum v. City of Honolulu, 963 F.2d 1167, 1170 (9th Cir.1992).
 
 
 4
 Because Fain was represented by counsel throughout the trial phase of this litigation, we reject Fain's contention that he was denied his right of access to the courts. See Bounds v. Smith, 430 U.S. 817, 828 (1977). Because this was a civil action, we reject Fain's further contention that he was denied effective assistance of counsel. See Nicholson v. Rushen, 767 F.2d 1426, 1427 (9th Cir.1985) (per curiam).
 
 
 5
 Given the district court's concerns about Fain's possible escape and the district court's attempts to conceal Fain's restraints from the jury, we reject Fain's contention that the district court's decision to shackle Fain in the courtroom was an abuse of discretion. See Morgan v. Bunnell, 24 F.3d 49, 51-52 (9th Cir.1994) (per curiam).
 
 
 6
 We reject Fain's contention that the district court erred by admitting evidence of his prior convictions. See Fed.R.Evid. 609.
 
 
 7
 Because Fain failed to object to the district court's instructions on nominal damages, we will not review the adequacy of those instructions on appeal. See Larez v. City of Los Angeles, 946 F.2d 630, 638 (9th Cir.1991). Because Fain's proposed instruction regarding the interchangeability of blood and urine tests for determining blood-alcohol level based on People v. Fiscalini, 279 Cal.Rptr. 682, 685-86 (Cal.Ct.App.1991) does not state the law applicable to the facts of his case, we reject Fain's contention that the district court erred by not giving this proposed instruction. See Fikes v. Cleghorn, 47 F.3d 1011, 1013 (9th Cir.1995).
 
 
 8
 Insofar as Fain contends that the alleged discrepancies between the screening documents and defendants' testimony demonstrate that defendants defrauded the district court and perjured themselves, we conclude that there was sufficient evidence for a reasonable jury to believe the defendants' explanations for the discrepancies. See Murray v. Laborers Union Local No. 324, 55 F.3d 1445, 1452 (9th Cir.1995), cert. denied, 116 S.Ct. 1847 (1996). Moreover, because Fain failed to move for judgment as a matter of law at the close of the evidence, we cannot review the district court's denial of his motion for a judgment notwithstanding the verdict. See Farley Transp. Co. v. Sante Fe Trail Transp. Co., 786 F.2d 1342, 1345-46 (9th Cir.1986).
 
 
 9
 Finally, we conclude that the district court did not abuse its discretion by denying Fain's July 25, 1994 motion for a new trial under Fed.R.Civ.P. 60(b)(2).[2]
 
 
 10
 We have considered Fain's remaining claims on appeal and reject them as wholly without merit.
 
 AFFIRMED.[3]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because entry of judgment following the jury verdict did not resolve the claims against defendant Murray, Fain's August 3, 1994 notice of appeal was not an appeal from a final judgment and was, therefore, insufficient to confer jurisdiction on this court. Because Fain filed a second notice of appeal after the stipulated dismissal of defendant Murray, Fain's October 24, 1994 notice of appeal is a timely appeal from a final order resolving all claims against all parties
 We do not have jurisdiction to review Fain's contention that the district court erred by entering a stipulated dismissal in favor of defendant Murray. See Seidman v. City of Beverly Hills, 785 F.2d 1447, 1448 (9th Cir.1986) (order). Because Fain filed notices of appeal after both the entry of judgment following the jury verdict and the voluntary dismissal of defendant Murray, however, we conclude that we do have jurisdiction over the jury verdict.
 
 
 [2]
 In an order filed on May 17, 1995, this court concluded that it lacked jurisdiction to consider Fain's January 17, 1995 motion for a new trial based on newly discovered evidence
 
 
 [3]
 Because of our disposition of this appeal, we do not consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), to this appeal