119 F.3d 6
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Dolores M. LUKE, Plaintiff-Appellant,
v.
Randall S. FOWLER, M.D., Defendant-Appellee.
 Nos. 96-35358, CV-93-00143-RMH.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 8, 1997**
Decided July 17, 1997.
 
 Appeal from the United States District Court for the District of Montana, No. CV-93-00143-RMH; Robert M. Holter, District Judge.
 Before: REAVLEY,*** O'SCANNLAIN, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Dolores M. Luke appeals the district court's judgment following a jury verdict in favor of Randall S. Fowler, M.D., in her diversity medical malpractice action alleging that Fowler was negligent in failing to diagnose a condition known as temporal arteritis, which resulted in blindness in her right eye. We affirm.
 
 
 3
 Luke claims that the district court should have instructed that Fowler was liable, even if another doctor's negligence exacerbated her condition. See Callihan v. Burlington Northern Inc., 201 Mont. 350, 357-58, 654 P.2d 972, 976-77 (1982). She also asserts that Montana's nonparty negligence law is unconstitutional. See Mont.Code Ann. § 27-1-703(b). These arguments are meritless because neither party asserted that some doctor other than Fowler was negligent. Fowler specifically argued that no one was negligent, and Luke argued that the fault was all Fowler's. Thus, the constitutionality of Montana's nonparty law is outside the point, and the district court did not abuse its discretion when it refused to instruct on nonparty theory. See Fikes v. Cleghorn, 47 F.3d 1011, 1013 (9th Cir.1995); Oviatt v. Pearce, 954 F.2d 1470, 1481 (9th Cir.1992).
 
 
 4
 Luke next complains of the district court's admission of expert testimony by a physician, who had practiced family medicine and who now practiced emergency medicine. However, we cannot say that the district court abused its broad discretion in this area. See Lust v. Merrell Dow Pharms., Inc., 89 F.3d 594, 596 (9th Cir.1996); Doe v. Cutter Biological, Inc., 971 F.2d 375, 385 (9th Cir.1992).
 
 
 5
 Luke, finally, asserts that the evidence does not support the verdict. We disagree. The jury was not required to accept her version of the facts or the testimony of her expert which, basically, relied upon that version. See Murray v. Laborers Union Local No. 324, 55 F.3d 1445, 1452 (9th Cir.1995), cert. denied, --- U.S. ----, 116 S.Ct. 1847, 134 L.Ed.2d 948 (1996).
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir. R. 34-4 and Fed. R.App. P. 34(a)
 
 
 **
 * Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3