119 F.3d 7
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Albert Michael SCHISZLER; Theresa M. Schiszler, Plaintiffs-Appellants,
v.
Randall ISHII; Richard Sherlock, individually and in their
official capacities as employees of the Hawaii
Police Department, Defendants-Appellees,
and
County of HAWAII; Hawaii Police Department; John Does
1-20, Defendants.
 No. 96-15425.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 14, 1997.**
Decided July 18, 1997.
 
 Before: HUG, Chief Judge, KOZINSKI and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Albert Michael Schiszler and Theresa M. Schiszler appeal pro se the judgment on a jury verdict in favor of defendants on the Schiszlers's civil rights action. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review for abuse of discretion a district court's formulation of civil jury instructions. See Fikes v. Cleghorn, 47 F.3d 1011, 1013 (9th Cir.1995). Here, the district court gave jury instructions that fairly and adequately covered the issues presented, stated the law correctly, and were not misleading. See id. (describing the inquiry used to test the sufficiency of instructions).
 
 
 4
 The Schiszlers are not entitled to a new trial on the grounds that defense witnesses committed perjury. See Nicholson v. Rushen, 767 F.2d 1426, 1427 (9th Cir.1985) (per curiam) (witness credibility determined by the jury and not subject to appellate review).
 
 
 5
 The district court did not abuse its discretion by excluding the Schiszlers's evidence and exhibits, or by admitting testimony by defendants' witnesses. See Sloman v. Tadlock, 21 F.3d 1462, 1472 (9th Cir.1994). The district court did not abuse its discretion by admitting evidence of the Schiszlers's prior arrests and convictions resulting from arrests by County of Hawaii police. See Heath v. Cast, 813 F.2d 254, 259 (9th Cir.1987).
 
 
 6
 We decline to address the Schiszlers's remaining claims, which they raise for the first time on appeal. See Ferris v. Santa Clara County, 891 F.2d 715, 719 (9th Cir.1989); see also Dias v. Sky Chefs, Inc., 948 F.2d 532, 534 (9th Cir.1991) (refusing to consider claim of discrimination in jury selection first raised on appeal).
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, we deny the Schiszlers's request for oral argument
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3