# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ROBERT ALLEN HOWELL, husband;
PATTI HOWELL, wife,
   *Plaintiffs-Appellants,*

v.

SHEILA SULLIVAN POLK, Yavapai
County Attorney; ROBERT REED,
City of Prescott Police Chief;
DAVID BENNER, City of Prescott
Assistant Police Chief; PAT
HUNTSMAN, Town of Chino Valley
Police Chief; GEORGE "BUCK"
BUCHANAN, Yavapai County
Sheriff; DAN SCHATZ, City of
Prescott Valley Police Chief; PAT
SPENCE, City of Cottonwood Police
Chief; LLOYD JONES, City of
Clarkdale Police Chief; JOE
VERNIER, City of Sedona Police
Chief; JOHN C. WISCHMEYER;
ALLEN MUMA, Jerome Police
Chief; JOHN O'HAGAN, Yavapai
County Sheriff's Office; DANA
SCHMIDT, Sedona Assistant Police
Chief;

No. 06-16418

D.C. No.
CV-04-02280-FJM

OPINION

Pete Hodap, City of Prescott
police officer and former
supervisor of the Prescott Area
Narcotics Task Force ("PANT");
Kel Palguta, City of Prescott
Valley police officer and officer of
PANT; Randy Johnson, Yavapai
County Sheriff officer and officer
of PANT; Chris Wylie, City of
Clarkdale police officer and
officer of PANT; Lucas
Wilcoxson, City of Sedona police
officer and officer of PANT; Mat
Gronek, Town of Chino Valley
police officer and officer of
PANT; Amy Bonney, City of
Prescott police officer,
                    *Defendants-Appellees.*

Appeal from the United States District Court
for the District of Arizona
Frederick J. Martone, District Judge, Presiding

Argued and Submitted
April 16, 2008—San Francisco, California

Filed July 16, 2008

Before: Alex Kozinski, Chief Judge, A. Wallace Tashima
and N. Randy Smith, Circuit Judges.

Per Curiam Opinion

**COUNSEL**

Charles Anthony Shaw, Law Offices of Charles Anthony Shaw, PLLC, Prescott, Arizona; Krista M. Carman, Warnock, Mackinlay & Associates, PLLC, Prescott, Arizona, for the plaintiffs-appellants.

James M. Jellison, Schleier, Jellison & Schleier, P.C., Phoenix, Arizona; Larry Crown, Elan Mizrahi, Jennings, Haug & Cunningham, Phoenix, Arizona; Thomas Lloyd, Gary D. Kidd, Prescott Legal Department, Prescott, Arizona, for the defendants-appellees.

**OPINION**

PER CURIAM:

The Howells sued members of the Prescott Area Narcotics Task Force and other municipal and police defendants under 42 U.S.C. § 1983. Plaintiffs claimed, among other things, that the police unconstitutionally executed a knock-and-announce search warrant by failing to wait long enough for the Howells

to open the door before breaking it down. A jury disagreed, and found the search to be reasonable. The Howells appeal.

## Facts[1]

Around 6:30 in the morning, a team of police officers arrived at the Howell residence to execute a search warrant. The officers were required to knock and announce their presence before they could use force to enter the home. *Wilson* v. *Arkansas*, 514 U.S. 927, 929 (1995). At trial, witnesses testified that at least one officer knocked on the door and yelled "police, search warrant." The police testified that, because the front door was a steel-reinforced "security door" that would take some time to breach, they began to force the door open when they didn't hear a response after five to eight seconds of knocking and yelling. It took the police twenty to thirty seconds to open the door. At least one officer continued to yell "police" while the others were forcing entry.

## Analysis

**1.** The district court instructed the jury to determine whether execution of the search warrant was reasonable given the totality of the circumstances. The jury found that it was. On appeal, the Howells argue that the jury should have been instructed to find only the number of seconds that elapsed between the first knock and the police starting to break down the door, and whether that amount of time was reasonable as a matter of law.

Determining whether the officers' entry into the house was reasonable required balancing complex considerations: The Howells argued that it wasn't, because the police waited only five to eight seconds before starting to break down the door. According to the Howells, few area residents would be awake

---

[1]Because we hear an appeal from a jury verdict, we state the facts consistent with the verdict.

—and thus able to dispose of evidence, flee or arm themselves—at 6:30 in the morning. The police countered that they had no choice but to start the process quickly because they knew that the steel security door would take a while to breach, and if they had waited any longer, the Howells would have had time to arm themselves[2] or dispose of evidence. The police further argued that the large picture window in the front of the house would have given a resident a vantage point from which to shoot at officers, that the small size of the house would have allowed the occupants to quickly hide evidence and that the drugs for which police were looking could have been flushed down the toilet in seconds. *See United States* v. *Banks*, 540 U.S. 31, 40 (2003) ("the opportunity to get rid of [narcotics]" is a factor in how long officers must wait).

[1] The Howells argue that, because the case requires balancing competing interests in privacy and law enforcement, only the district judge may determine whether the conduct was reasonable. But we frequently entrust juries with the task of determining the reasonableness of police conduct. For example, in excessive force lawsuits, the jury is usually charged with deciding whether the force used by police in effecting an arrest was reasonable. *See Fikes* v. *Cleghorn*, 47 F.3d 1011, 1014 (9th Cir. 1995) (instructing jury to consider the totality of the circumstances); *Forrester* v. *City of San Diego*, 25 F.3d 804, 806 (9th Cir. 1994) ("[w]hether the amount of force used was reasonable is usually a question of fact to be determined by the jury") (citation omitted). As in this case, determining whether an officer used excessive force requires the jury to balance the state's interest in law enforcement against the plaintiff's interest in personal security. *See id.* ("Determining whether the force used to effect a particular

---

[2]A fear which turned out to be well-founded. As the police were forcing the door open, Robert Howell retrieved a revolver from his bedroom, loaded it and fired one shot at the intruders. Upon realizing that the men at his door were police, he dropped his gun and surrendered.

seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake.") If a jury is capable of weighing the reasonableness of a use of force, then it is also capable of weighing the reasonableness of an entry into a building. In other section 1983 lawsuits, the jury decides whether the police had probable cause to search. *See White* v. *Pierce County*, 797 F.2d 812, 815 (9th Cir. 1986) ("[p]robable cause is ordinarily a question for the jury"). If the jury can weigh probable cause, a tricky and legalistic doctrine if ever there was one, then it can also decide whether a warrant was lawfully executed. The district court didn't err in submitting the issue of reasonableness to the jury.

**[2] 2.** The Howells also appeal the district court's denial of their motion for summary judgment.[3] They argue that the court erred in not holding that the search was unreasonable as a matter of law. While there are some entries that are unreasonable as a matter of law, *see, e.g.*, *United States* v. *Granville*, 222 F.3d 1214 (9th Cir. 2000) (finding, under the totality of circumstances, that five seconds was unreasonable), this one was not among them. Plaintiffs lived in a small house, with a large picture window and a difficult-to-breach security door. In these circumstances, a jury *might* have found the search unreasonable, but was not required to do so. The district court didn't err in denying plaintiffs summary judgment on their claim of unlawful entry.

Appellants' remaining arguments are addressed in the accompanying memorandum disposition.

---

[3]We have jurisdiction to review the denial of summary judgment despite the subsequent trial where, as here, a party alleges "an error of law that, if not made, would have required the district court to grant the motion." *Banuelos* v. *Construction Laborers' Trust Funds*, 382 F.3d 897, 902 (9th Cir. 2004) (citing *Pavon* v. *Swift Transp. Co., Inc.*, 192 F.3d 902, 906 (9th Cir. 1999)).

**AFFIRMED.**