552

Estate of James Freder-
ick BRUTSCHE, et al.,
Plaintiffs–Appellants,

v.

CITY OF FEDERAL WAY, et
al., Defendants–Appellees.

No. 07–35424.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 24, 2008.

Filed Nov. 19, 2008.

See also 193 P.3d 110.

John R. Muenster, Esquire, Muenster &
Koenig, Bainbridge Island, WA, for Plain-
tiffs–Appellants.

Brock Gavery, Esquire, Richard B. Jol-
ley, Esquire, Keating Bucklin & McCor-

mack Inc., P.S., Seattle, WA, Jennifer Elizabeth Snell, Esquire, Aaron Gregory Walls, City of Federal Way, Federal Way, WA, Zanetta Lehua Fontes, Esquire, Warren Barber Dean & Fontes, P.S., Renton, WA, for Defendants–Appellees.

Before: SILVERMAN and BERZON, Circuit Judges, and MAHAN,* District Judge.

## MEMORANDUM **

The Estate appeals from a jury verdict in favor of the appellees, alleging that the trial court 1) failed to give proper jury instructions, 2) improperly excluded evidence, and 3) incorrectly determined that collateral estoppel barred its property damage, trespass, and waste claims. We affirm.

The district court did not err in instructing the jury. The instructions as a whole correctly stated the substance of the law and were not misleading. *See Fikes v. Cleghorn*, 47 F.3d 1011, 1013 (9th Cir. 1995). The Estate's argument that the district court erred in not offering its suggested definition of "active resistance" has no merit. The district court used Ninth Circuit model jury instruction number 9.22, which correctly outlines the excessive force factors outlined in *Graham v. Connor*, 490 U.S. 386, 393–94, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989).

■ Further, the court did not err in failing to instruct the jury on the potential for municipal liability based on the use of excessive force, because that claim was dismissed before trial.

■ Nor did the district court err in its evidentiary rulings. The decision to exclude rebuttal testimony on the subject of "active resistance" was not an abuse of discretion because rebuttal evidence may not be offered merely to bolster the plaintiff's case-in-chief. *See Daly v. Far E. Shipping Co. PLC.*, 238 F.Supp.2d 1231, 1238 (W.D.Wash.2003); *Gen. Signal Corp. v. MCI Telecomm. Corp.*, 66 F.3d 1500, 1509–11 (9th Cir.1995).

■ In addition, the district court's ruling allowing either party to solicit testimony from the officers about the presence or absence of drugs or drug manufacturing paraphernalia at the residence was not an abuse of discretion. Such evidence was relevant to the jury's analysis of the *Graham* factors.

■ Finally, the trial court correctly ruled that the Estate's claims for property damage, trespass, and waste were barred by collateral estoppel. These claims were denied in state court, and that decision was upheld on appeal. *See Brutsche v. City of Kent*, 193 P.3d 110, 122 (Wash.2008). "When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim." *Nielson v. Spanaway Gen. Med. Clinic, Inc.*, 135 Wash.2d 255, 956 P.2d 312, 315 (1998).

**AFFIRMED.**

---

* The Honorable James C. Mahan, United States District Judge for the District of Nevada, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.