
**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

|  |  |
|---|---|
| ESTATE OF ZAIM BOJCIC; AJNIJA BOJCIC; NURKO BADETA; NURKO MITHAT; NURKO ANZDA; NURKO AMELA; TUCAKOVIC LARIFA; TUCAKOVIC SMAZL; TUCAKOVIC HIHAD; TECAKOVIC BELMA, PREJLOBAC SEJAD;, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> CITY OF SAN JOSE; SAN JOSE POLICE DEPT; DONALD GUESS individually and in his official capacity; STARBUCKS; MANAGER STARBUCKS, individually and in her official capacity, <br><br> Defendants - Appellees. | No. 07-17343 <br><br> D.C. No. CV-05-03877-RS <br><br> MEMORANDUM [*] |

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, Magistrate Judge, Presiding

Argued and Submitted December 8, 2009
San Francisco, California

---

   [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: O'SCANNLAIN, RAWLINSON and BEA, Circuit Judges.

Plaintiffs appeal the district court's (1) order granting summary judgment to the City of San Jose and the San Jose Police Department, (2) decision to preclude one of Plaintiffs' expert witnesses from testifying on an issue not mentioned in his expert witness report, and (3) refusal to give Plaintiffs' proposed jury instruction. We affirm.

The district court did not abuse its discretion when it precluded Plaintiffs' expert from testifying about police officers' obligation to approach an encounter with an emotionally disturbed individual differently than they would approach an encounter with other individuals. Rule 26(a)(2)(B)(i) of the Federal Rules of Civil Procedure requires expert witnesses to prepare a written report that contains "a complete statement of all opinions the witness will express and the basis and reasons for them." "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The burden is on the party facing discovery sanctions to show that its failure to comply with Rule 26 was substantially justified or harmless. *Torres v. City of Los Angeles*, 548 F.3d 1197, 1213 (9th Cir. 2008).

The Rule 26 report provided by Plaintiffs' expert did not include his opinion on the issue of police encounters with emotionally disturbed individuals. Further, the exceptions to Rule 37 do not apply because Plaintiffs have not satisfied their burden of showing that their discovery violation was substantially justified or harmless.

The district court did not abuse its discretion when it refused to instruct the jury that Bojcic's mental health was a factor the jury must consider in determining whether Defendant Officer Guess's use of force was reasonable because the district court instructed the jury to consider "all of the circumstances known to Officer Guess on the scene." A district court does not abuse its discretion when it refuses to give a proposed jury instruction if the instruction given to the jury leaves a party with "ample room to argue his theory of the case to the jury." *Brewer v. City of Napa*, 210 F.3d 1093, 1097 (9th Cir. 2000). In an excessive force case, a district court's use of a general "totality of the circumstances" instruction is not an abuse of discretion, even if the plaintiff requests a "more detailed instruction[] addressing the specific factors to be considered in the reasonableness calculus." *Id.* (citing *Fikes v. Cleghorn*, 47 F.3d 1011, 1014 (9th Cir. 1995)). A general instruction leaves the party that requested a more specific instruction "free to argue" other factors to the jury. *Fikes*, 47 F.3d at 1014. Here, Officer Guess testified he

3

recognized Bojcic was not "mentally stable" before he fired his Taser at Bojcic; the jury was free to consider this fact when it determined whether the use of force was reasonable.

We need not address whether the district court erred when it granted summary judgment to the City of San Jose and the San Jose Police Department on Plaintiffs' 42 U.S.C § 1983 claim because such error would be harmless. "If no constitutional violation occurred, the municipality cannot be held liable and whether 'the departmental regulations might have authorized the use of constitutionally excessive force is quite beside the point.'" *Long v. City and County of Honolulu*, 511 F.3d 901, 907 (9th Cir. 2007) (quoting *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986)). The jury found Officer Guess did not violate Bojcic's constitutional rights, and we do not disturb that finding on appeal. Therefore, neither the City of San Jose nor the San Jose Police Department can be held liable under § 1983.

**AFFIRMED.**