**NOT FOR PUBLICATION**

APR 24 2013

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| PEDRO MIRAMONTES, | No. 11-56641 |
| Plaintiff - Appellant, | D.C. No. 8:08-cv-00579-ABC-RNB |
| v. | |
| OFFICER KLEVOS; OFFICER BERGER; ANAHEIM POLICE DEPARTMENT; SGT. FREISEN, | MEMORANDUM[*] |
| Defendants - Appellees., | |
| _____, | |
| SGT. PREISER, | |
| Defendant. | |

Appeal from the United States District Court
for the Central District of California
Audrey B. Collins, District Judge, Presiding

Argued and Submitted April 17, 2013
San Francisco, California

Before: NOONAN, O'SCANNLAIN, and N.R. SMITH, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Pedro Miramontes claims the district court abused its discretion by not instructing the jury to consider the potential availability of other methods of subduing him.

As Instruction 9.22 explains, however, "it is not error for a trial court to decline to instruct explicitly on the availability of 'alternative courses of action'" if the whole of the jury instruction fairly and accurately covers the legal issues presented. *See Brewer v. City of Napa*, 210 F.3d 1093, 1097 (9th Cir. 2000). That was the case here. The court instructed the jury to "consider all of the circumstances known to them on the scene," in assessing what was "objectively reasonable." This "general reasonableness/'totality of the circumstances' instruction[]" is appropriate "in an excessive force case, despite the plaintiff's request for more detailed instructions addressing the specific factors to be considered in the reasonableness calculus." *Id.* at 1097; *see also Fikes v. Cleghorn*, 47 F.3d 1011, 1013–14 (9th Cir. 1995).

Nor does the court's decision to include five specific considerations adapted from *Graham v. Connor*, 490 U.S. 386, 396–97 (1989) render the instruction infirm. Miramontes's argument that the jury likely limited itself to those factors founders on the principle that "juries are presumed to follow the court's instructions." *Brown v. Ornoski*, 503 F.3d 1006, 1018 (9th Cir. 2007). Not only

2

did the instruction reference all the circumstances, but the list of the five factors was prefaced with the word "including."

**AFFIRMED.**