NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

FEB 19 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| KEELY JOHNSON,<br><br>                Plaintiff - Appellant,<br><br>   v.<br><br>COUNTY OF SONOMA; CATHERINE SPEAKS, DEPUTY; GREGORY HALS, DEPUTY,<br><br>                Defendants - Appellees. | No. 14-15276<br><br>D.C. No. 3:11-cv-05811-CRB<br><br>**MEMORANDUM**[*] |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Submitted January 7, 2016[**]
San Francisco, California

Before: **WALLACE** and **KOZINSKI**, Circuit Judges, and **WHALEY**,[***]
Senior District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***] The Honorable Robert H. Whaley, Senior District Judge for the U.S. District Court for the Eastern District of Washington, sitting by designation.

The district court appropriately exercised its discretion in instructing the jury regarding Ms. Johnson's excessive force claim. "Jury instructions must be formulated so that they fairly and adequately cover the issues presented, correctly state the law, and are not misleading." *Brewer v. City of Napa*, 210 F.3d 1093, 1097 (9th Cir. 2000) (quoting *Chuman v. Wright*, 76 F.3d 292, 294 (9th Cir. 1996)). The instructions given by Judge Breyer easily meet this standard, as they clearly direct the jury to conduct the essential inquiry in excessive force cases: whether, given all of the circumstances known to the officer, the use of force was "objectively reasonable." *See Graham v. Connor*, 490 U.S. 386, 396 (1989).

The absence of an instruction regarding the availability of alternatives to subdue Ms. Johnson does not render the instructions inadequate. A district court's refusal to include detailed instructions addressing specific factors to be considered is not error where the instructions adequately direct the jury to consider the totality of the circumstances in determining whether the application of force was objectively reasonable. *See Brewer*, 210 F.3d at 1097; *see also Fikes v. Cleghorn*, 47 F.3d 1011, 1014 (9th Cir. 1995) ("This instruction complies with *Graham* by focusing on the *totality* of the circumstances." (emphasis in original)). This is especially true in light of Ms. Johnson's failure to offer any direct evidence regarding the availability of alternative methods of control.

Despite Ms. Johnson's contention that she was entitled to the instruction because the availability of alternatives was her theory of the case, it is not error to decline to give a "theory-of-the-case instruction" where the remaining instructions cover the proponent's theory. *Brewer*, 210 F.3d at 1097 (quoting *United States v. Lawrence*, 189 F.3d 838, 843 (9th Cir. 1999)). The instructions gave Ms. Johnson ample room to argue her theory of the case to the jury, and otherwise fairly and adequately covered the issues presented, correctly stated the law, and were not misleading.

**AFFIRMED.**