**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DARRELL WHITE, | No.  17-35397 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-05145-RBL |
| v. | |
| BNSF RAILWAY COMPANY, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted June 6, 2018**
Seattle, Washington

Before:  BYBEE and N.R. SMITH, Circuit Judges, and ANTOON,*** District
Judge.

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*       The Honorable John Antoon II, United States District Judge for the
Middle District of Florida, sitting by designation.

Darrell White appeals from an adverse jury verdict on his disparate treatment discrimination claims under both state and federal law. We affirm.

1. The district court did not abuse its discretion in admitting evidence regarding his post-termination employment. White acknowledges the relevance of this evidence to establish his failure to mitigate emotional distress damages, and a "district court's Rule 403 determination is subject to great deference, because 'the considerations arising under Rule 403 are susceptible only to case-by-case determinations, requiring examination of the surrounding facts, circumstances, and issues.'" *United States v. Lloyd*, 807 F.3d 1128, 1152 (9th Cir. 2015) (quoting *United States v. Hinkson*, 585 F.3d 1247, 1267 (9th Cir. 2009) (en banc)). White has not met this burden to overcome this deference. Moreover, White failed to explain how exclusion of this evidence would likely alter the result of the trial. *Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) ("We will not manufacture arguments for an appellant . . . .").

2. White waived any argument that his criminal history evidence should not have been presented to the jury when he affirmatively admitted the evidence to the jury. *Ohler v. United States*, 529 U.S. 753, 755 (2000) ("Generally, a party introducing evidence cannot complain on appeal that the evidence was erroneously admitted.").

3. The district court did not abuse its discretion when it excluded White's expert witness on implicit bias. First, White acknowledged to the district court that his expert's initial report was not based on a significant review of the facts of his case, offering to submit a replacement report. This admitted deficiency was an appropriate ground to exclude the expert. *City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1043 (9th Cir. 2014) (noting that expert testimony must be "based on sufficient facts or data," be "the product of reliable principles and methods," and "reliably appl[y] the relevant principles and methods to the facts of the case" (citing Fed. R. Evid. 702)).

Second, White never explained how testimony regarding implicit bias would be helpful to the jury in a disparate treatment case requiring evidence of intentional discrimination. *See* Fed. R. Evid. 702(a) (providing that to be admissible an expert's testimony must "help the trier of fact to understand the evidence or to determine a fact in issue"); *see also Gay v. Waiters' & Dairy Lunchmen's Union, Local No. 30*, 694 F.2d 531, 537 (9th Cir. 1982) ("Whether brought under Title VII, the equal protection clause or section 1981, therefore, claims of disparate racial treatment require proof of intentional racial discrimination."); *E-Z Loader Boat Trailers, Inc. v. Travelers Indem. Co.*,726 P.2d 439, 444 (Wash. 1986) (en

banc) (requiring intentional discrimination for disparate treatment claims under Washington law).

4. The district court did not abuse its discretion in declining to give White's proposed implicit bias instruction. "We review for abuse of discretion a district court's formulation of civil jury instructions." *Fikes v. Cleghorn*, 47 F.3d 1011, 1013 (9th Cir. 1995). White's briefing of this issue is conclusory. He does not articulate why the instructions given to the jury failed to "fairly and correctly cover the substance of the applicable law," so he cannot establish any prejudice. *White v. Ford Motor Co.*, 312 F.3d 998, 1012 (9th Cir. 2002), *opinion amended on denial of reh'g*, 335 F.3d 833 (9th Cir. 2003).

**AFFIRMED.**